**Earl P. DICK, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3102.

United States Court of Appeals, Federal Circuit.

May 17, 2002.

Lynne K. Zusman, Lynne K. Zusman and Associates, of Washington, DC, argued for petitioner.

Virginia M. Lum, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Harold Lester, Assistant Director.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Dr. Earl P. Dick ("appellant") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for "lack of jurisdiction." Because the Board had jurisdiction based on appellant's non-frivolous allegations, and because appellant did not waive a hearing on the merits, we vacate and remand.

## I

Appellant served as Chief of Staff at the Department of Veterans Affairs Harry S. Truman Memorial Hospital ("hospital") in Columbia, Missouri, from January 1, 1989, to August 21, 1994. Appellant asserts that during his tenure as Chief of Staff, he made several protected disclosures under the Whistleblower Protection Act of 1989, Pub.L. No. 101 12, 103 Stat. 16 (1989) (codified in scattered sections of Title 5 of the United States Code) ("WPA"), to the Federal Bureau of Investigations ("FBI") and the Department of Veterans Affairs' ("DVA's" or "agency's") Office of Inspector General ("OIG") concerning a suspicious increase in the number of deaths occurring at the hospital. Appellant's disclosures allegedly enabled the FBI and OIG to better evaluate relevant statistical data purportedly showing that the deaths were criminal in nature. Appellant alleges that in retaliation for this whistleblowing activity, his supervisor Mr. Kurzejeski coerced him to accept a demotion from the Chief of Staff position.

In February 1994, Mr. Kurzejeski asked appellant "to relinquish his position as Chief of Staff." Appellant submitted a letter agreeing to the demotion, and began negotiating the terms of his demotion with Mr. Kurzejeski. The negotiations lasted several weeks. At some point during the negotiations, Mr. Kurzejeski informed appellant that if appellant did not conclude the negotiations and make a decision, he would request Regional Director Mr. Zamberlan's permission to detail appellant from his position as Chief of Staff. He further advised appellant that if appellant did not resign as Chief of Staff, he would request administrative review of his performance. On May 13, 1994, Mr. Kurzejeski sent a memorandum to Mr. Zamberlan seeking permission to detail appellant from his position. Appellant alleges that "[t]hen and only then" did he conclude that he had no alternative but to accept the demotion. Appellant chose the effective date of his demotion as August 21, 1994.

▆ Appellant filed a request for corrective action with the Office of the Special Counsel ("OSC") concerning his demotion, alleging that the demotion constituted an "adverse personnel action" under 38 U.S.C. § 7463. DVA health care professionals are hired, paid, and disciplined under a system separate from the govern-

ment-wide civil service system, 38 U.S.C. § 7401(1) (1994), and the Board normally lacks jurisdiction to review the removal or resignation of a section 7401(1) DVA physician. *Khan v. United States*, 201 F.3d 1375, 1380–81 (Fed.Cir.2000). Under 38 U.S.C. § 7425(b), a DVA physician has no right of appeal if such appeal would be "inconsistent" with the Disciplinary Appeals Board procedure, the separate grievance system set up for such employees under 38 U.S.C. § 7464. *See Cochran v. Dep't of Veterans Affairs*, 67 M.S.P.R. 167, 171 (1995). However, an appeal of a grievance arising from an adverse personnel action is not subject to the Disciplinary Appeals Boards if it "does not arise out of a question of professional conduct or competence." 38 U.S.C. § 7463(a)(2) (1994). Thus, a DVA physician may appeal an adverse action unrelated to "professional conduct or competence," such as an alleged violation of the WPA, after exhausting his administrative remedies through the OSC. That is the case here.

On April 24, 1996, the OSC advised appellant that it was terminating its investigation. Having exhausted his administrative remedies, appellant filed his Individual Right of Action ("IRA") appeal with the Board.

Appellant alleged that his demotion constituted an "adverse personnel action" under 38 U.S.C. § 7463(a)(2) and violated the WPA.[1] The agency contended that the Board lacked jurisdiction because the demotion was "voluntary."

On August 16, 1996, the administrative judge issued an "Order on Jurisdiction ..." denying the agency's motion to dismiss for lack of jurisdiction,[2] but granting the agency's motion to postpone discovery "pending further jurisdictional pleading." *Dick v. Dep't of Veterans Affairs*, No. CH–1221–96–0786–W–1, slip op. at 1 (M.S.P.B. Aug.16, 1996) ("*Order on Jurisdiction and Timeliness*"). The administrative judge based this decision on her interpretation of *Cochran*, 67 M.S.P.R. 167. She understood *Cochran* to hold that the Board has jurisdiction over the IRA appeal of a DVA physician who is subject to an adverse action under 38 U.S.C. § 7463 only "if the adverse action appealed does not involve a question of professional conduct or competence" and if "appellant ... establish[es] that he was subject to disciplinary actions that were grievable under 38 U.S.C. § 7463." *Order on Jurisdiction and Timeliness*, at 1–2. The administrative judge noted that "[i]f the appellant makes a *non-frivolous allegation* that the personnel actions of which he complained are grievable, *he is entitled to a hearing* on the matter." *Id.* at 2 (emphasis added).

On November 22, 1996, the administrative judge issued a second "Order on Jurisdiction." *Dick v. Dep't of Veterans Affairs*, No. CH–1221–96–0786–W–1 (M.S.P.B. Nov.22, 1996) ("*Order on Jurisdiction*"). The administrative judge again noted that under *Cochran*,

> for the Board to assume jurisdiction over this appeal, the appellant must establish that he was subject to a personnel action that was grievable under 38 U.S.C. § 7463. *Cochran* does not hold

---

1. Appellant also alleged that he received a lowered proficiency rating in 1993 in retaliation for his whistleblowing activity. The Board found that the proficiency rating was not a "personnel action" within the meaning of the WPA. Appellant does not appeal that finding, and refers to the proficiency report on appeal only as evidence that his resignation was involuntary.

2. The full caption of the Order was "Order on Jurisdiction and Timeliness," because the agency also sought to dismiss the appeal as untimely filed. The timeliness issue was resolved adversely to the government, and the government does not argue the timeliness issue on appeal.

that the appellant must have actually grieved the personnel actions. I find, therefore, that should all other jurisdictional requirements be met, the Board has jurisdiction over ... the 1994 reassignment from the position of Chief of Staff.

*Order on Jurisdiction,* at 1–2. The administrative judge ordered that "[a] hearing will be set for February 1997." *Id.* at 2.

On November 25, 1996, the administrative judge issued an order scheduling "[t]he hearing in this appeal" for February 18–21, 1997. The order further instructed the parties to file a statement of the facts and issues, a list of agreed upon facts, and witness and exhibit lists.

On February 6, 1997, appellant withdrew his request for the hearing. The administrative judge issued an order canceling the hearing and setting deadlines for written submissions and written closing arguments.

On February 19, 1998, based on the written submissions filed in lieu of the hearing, the administrative judge dismissed the appeal for "lack of jurisdiction." *Dick v. Dep't of Veterans Affairs,* No. CH–1221–96–0786–W–1, slip op. at 2 (M.S.P.B. Feb.19, 1998). The administrative judge found that appellant's WPA claim did not arise out of a question of professional conduct or competence because it was unrelated to patient care or clinical work, and thus was not subject to the Disciplinary Boards Procedure. *Id.* at 5. Nonetheless, the administrative judge dismissed the appeal for "lack of jurisdiction" because she found that appellant failed to show by preponderant evidence that his appeal was grievable under 38 U.S.C. § 7463, in that he failed to establish by preponderant evidence that his demotion was not voluntary. *Id.* at 16–17. Specifically, the administrative judge found that appellant failed to prove that the agency imposed the terms

of his demotion, that the circumstances permitted appellant no alternative but to accept those terms, and that the circumstances were caused by improper, coercive acts of the agency. *Id.* at 16. The administrative judge did not confine her review of the written submissions filed in lieu of the hearing to determining whether the Board had jurisdiction, and instead determined whether appellant could ultimately establish by preponderant evidence that his demotion was involuntary. She clearly weighed the evidence, discounting Dr. Dick's and accepting the agency's. Based on these findings, the administrative judge dismissed the appeal for "lack of jurisdiction." Appellant appealed to the full Board.

On September 10, 1999, the Board vacated the decision, holding that the grievability of a personnel action under 38 U.S.C. § 7463 did not preclude the Board from assuming jurisdiction over the appeal under the WPA. *Dick v. Dep't of Veterans Affairs,* 83 M.S.P.R. 464, (M.S.P.B. 1999). The Board clarified its decision in *Cochran* as holding that *all* appeals not subject to the Disciplinary Boards Procedure are appealable to the MSPB Board, regardless of "grievability" under 38 U.S.C. § 7463. *Id.* at 465–66. The Board remanded with instructions to determine whether appellant could establish the Board's jurisdiction under the WPA. *Id.* at 466.

On June 19, 2000, on remand, the administrative judge again dismissed the appeal for "lack of jurisdiction" because appellant failed to establish by "preponderant evidence" that he was subjected to a "personnel action" within the meaning of the WPA in that he failed to prove that his demotion was not voluntary. *Dick v. Dep't of Veterans Affairs,* No. CH–1221–96–0786–W–1, slip op. at 2 (M.S.P.B. June 19, 2000). Specifically, the administrative judge found that appellant failed to establish by

"preponderant evidence" that: "the agency imposed the terms of his demotion," *id.* at 7; "his particular circumstances allowed him no alternative but to accept the terms allegedly imposed by the agency," *id.* at 8; and "his working environment was so hostile or the level of coercion, harassment, duress, or retaliation he suffered at the hand of Mr. Kurzejeski made conditions so unbearable that a reasonable person in his position would have been compelled to resign his position and accept the demotion," *id.* at 13.

Appellant again appealed to the full Board. The Board affirmed the administrative judge's decision on October 13, 2000. Appellant timely appealed to this court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm a decision of the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

## III

The central issues on appeal are (1) whether the Board properly dismissed for lack of jurisdiction; and (2) if not, whether the Board's dismissal should nonetheless be affirmed on the merits because (a) appellant's waiver of the right to a "jurisdictional" hearing operated as a waiver of appellant's right to a hearing to determine whether his demotion was "voluntary" and thus not an "adverse personnel action" under the WPA; and (b) whether, if there was a waiver, substantial evidence supports the Board's finding of voluntariness.

### A. Jurisdiction

■ The Board has jurisdiction over an appeal if the government employee makes non-frivolous allegations of jurisdiction supported by affidavits or other evidence. In *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 687–88 (Fed.Cir. 1992), we stated that "[t]he forum had jurisdiction to hear the matter in the first instance—that is, subject-matter jurisdiction existed—as long as the petitioner asserted non-frivolous claims." We later reiterated in *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367 (Fed.Cir. 2001), that "the Board has jurisdiction over an IRA appeal if the appellant ... makes 'non-frivolous' allegations" that he engaged in activity protected by statute. 242 F.3d at 1371–72. *See also Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1378 (Fed.Cir.2001), *cert. denied*, 533 U.S. 952, 121 S.Ct. 2596, 150 L.Ed.2d 754 (2001). And most recently in *Walley v. Department of Veterans Affairs*, 279 F.3d 1010, 1018–19 (Fed.Cir. 2002) we again made clear that non-frivolous allegations confer jurisdiction and that an evidentiary hearing is unnecessary for the conferring of jurisdiction, because whether allegations are "non-frivolous" is determined by the written record.

■ Confusion arises in cases where the issues before the Board are "at one and the same time jurisdictional issues—requiring a non-frivolous allegation for Board jurisdiction—and merits issues—requiring a determination in favor of the employee if relief is to be awarded." *Walley*, 279 F.3d at 1019. When confronted with such issues, we have held that the Board need not hold a separate hearing to determine jurisdiction. *Yunus*, 242 F.3d at 1371. Indeed, in *Rose v. Department of Health and Human Services*, 721 F.2d 355, 357 (Fed.Cir.1983), we held that there is "[n]o statutory right to a hearing to contest jurisdiction" because "5 U.S.C.

§ 7701(a)(1) applies only after jurisdiction has been properly invoked," and that the denial of a hearing on jurisdictional issues is not a violation of due process. In *Staats v. United States Postal Service*, 99 F.3d 1120, 1124–25 (Fed.Cir.1996), we again noted that 5 U.S.C. § 7701(a) "does not provide for a hearing on the question whether the Board has jurisdiction in a particular case, and the Due Process Clause does not mandate a hearing where the statute does not require that one be afforded." There simply is no right to a hearing on the threshold issue of jurisdiction. After making a non-frivolous allegation of the involuntariness of a retirement or resignation, an employee has a right to a hearing on voluntariness, *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed.Cir.1985), but such a hearing is a hearing on the merits, not a jurisdictional hearing.[3]

 In this case the question whether appellant voluntarily resigned or whether his resignation was coerced in retaliation for his protected disclosures under the WPA is at one and the same time a "jurisdictional" and a "merits" issue. Resignations are presumed voluntary and employees bear the burden of pleading and proving involuntariness. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed.Cir. 2000). To establish Board jurisdiction, an employee must overcome the presumption of voluntariness by making a non-frivolous allegation that the resignation was the result of misinformation, deception, or coercion by the agency. *Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 894 (Fed.Cir. 1986). Coercion can be established by showing that the agency created or toler-

ated "'retaliatory working conditions that would drive a reasonable person to resign.'" *Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 423 (Fed.Cir.1996) (quoting *Katradis v. Dav–El of Washington*, 846 F.2d 1482, 1485 (D.C.Cir.1988)); *see also Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed.Cir.1987) ("A resignation is not voluntary where an agency imposes the terms of an employee's resignation, the employee's circumstances permit no alternative but to accept, and those circumstances were the result of improper acts of the agency."). An employee need not prove coercion by preponderant evidence to invoke the Board's jurisdiction and warrant a hearing to determine voluntariness on the merits. Rather, if an employee "has made a non-frivolous allegation that, if proven, could establish that his resignation was coerced," that "is all that is required to trigger the Board's jurisdiction at this threshold stage." *Braun*, 50 F.3d at 1008.

Here, appellant clearly made non-frivolous allegations of involuntariness sufficient to invoke the Board's jurisdiction. Appellant submitted an affidavit stating that his demotion was coerced by his immediate supervisor Mr. Kurzejeski, who "relentlessly attacked and punished [me] ... in an effort to force me to step down and I strongly believed that an effort had been mounted to remove me from the system." In addition, Dr. Dick submitted affidavits of several DVA physicians serving at the hospital supporting Dr. Dick's claim that his resignation was coerced, and generally stating that Dr. Dick was "forced out" as Chief of Staff in reprisal for his disclosures concerning the deaths.[4] Ap-

---

**3.** To the extent that *White v. Department of Veterans Affairs*, 213 F.3d 1381, 1385 (Fed. Cir.2000) suggested that the Board is sometimes required to hold a jurisdictional hearing, it is dicta, and inconsistent with *Rose*.

**4.** For example, Dr. Loren J. Humphrey swore: "Without sensitivity to medical priorities or staff concerns, and responding by looking for a scapegoat to blame for red ants and flies in the OR, the recurring surgical infection crises, and the unexplained deaths, I was

pellant's affidavits were therefore facially sufficient to invoke the Board's jurisdiction.

We find that the Board had jurisdiction.

## B. Prejudicial Error

■ Ordinarily the form of the Board's order would not constitute prejudicial error. If the Board correctly determined that appellant's demotion was voluntary, the order could be affirmed on the merits. But here the finding on voluntariness can be sustained only if appellant waived a hearing on the issue of voluntariness.

It is clear that the administrative judge found that appellant made non-frivolous allegations of jurisdiction, but that she thought that this did not give the Board jurisdiction. Instead, she believed that a non-frivolous allegation of jurisdictional issues merely entitled appellant to a *hearing* on the jurisdictional issues. Thus, rather than finding that appellant's non-frivolous allegations that his demotion was involuntary established Board jurisdiction, the administrative judge scheduled what she suggested to be a "jurisdictional" hearing to determine the truth of those allegations. It is clear that the administrative judge understood this hearing to be a "jurisdictional" hearing because both orders preceding the hearing were captioned as "jurisdictional" orders (*see Order on Jurisdiction and Timeliness,* and *Order on Jurisdiction*), and, based on the papers filed in lieu of that hearing, she dismissed the appeal "for lack of jurisdiction."

But in fact what she was doing was scheduling a hearing on the merits issues. Scheduling a hearing to determine selected merits issues was perfectly proper. *Cf.* Fed.R.Civ.P. 16(c)(14) (allowing federal judges to order separate trials of particular issues). What was improper and confusing was the characterization of that hearing as a "jurisdictional" hearing. We hold that under these circumstances appellant could have reasonably relied on the paper record to establish jurisdiction and did not waive his right to a hearing on the merits on the issue of voluntariness. If there had been an evidentiary hearing to determine voluntariness on the merits, appellant would have been able to supply more detailed evidence that could have led to credibility determinations in his favor. Accordingly, we vacate and remand for a hearing in which the burden of proof will be on appellant on the voluntariness issue. *See Walley,* 279 F.3d at 1019; *Starkey,* 198 F.3d at 853.

\* \* \*

■ In remanding this case, we wish to make clear that hearings on merits issues can properly be bifurcated, and that administrative judges have great discretion in determining which issues to consider first. Robert G. Vaughn, *Merit Systems Protection Board Rights and Remedies,* § 4.04, at 4–33 n. 1 (8th release 2002) ("An administrative judge may bifurcate a hearing. Commonly bifurcation will separate issues of jurisdiction and timeliness from the merits of the action. However, bifurcation of the merits is also

not surprised when the Director forced Doctor Dick to step down."
 Dr. Dick himself testified that:
 After these disclosures, I experienced increased hostility and greatly increased harassment of a far greater order of magnitude which I believed were in retaliation for the disclosures referenced above. It was clear from the beginning of these events

that Mr. Kurzejeski did not want me to make any disclosures.... I felt it incumbent on me to try to withstand the increased pressure from Mr. Kurzejeski. It was clear to me that he was trying to force me to leave the hospital. Furthermore, as I resisted the pressure he seemed to become more dedicated to forcing my resignation.

possible."). Thus, for example, in a case arising under the WPA where the government employee makes non-frivolous allegations that he was terminated in retaliation for making protected disclosures, an administrative judge could properly hold an initial hearing limited to the question of whether the employee would have been properly terminated absent the disclosures, such as where the employee's attendance record was clearly unsatisfactory. If after such a limited merits hearing the Board concluded that the employee would have been properly terminated absent the protected disclosures, the employee's claim could be rejected on the merits, subject to right of appeal to the full Board and to this court. This authority is akin to that granted district court judges by Federal Rule of Civil Procedure 16(c)(14), which allows district court judges to govern the order of proof presented at trial, and to allow separate trials of particular issues.[5]

## CONCLUSION

█ We reiterate that non-frivolous jurisdictional allegations supported by affidavits or other evidence confer Board jurisdiction. The truth of such allegations is tested in a hearing in which appellant must prove the allegations by preponderant evidence. These hearings are not "jurisdictional" hearings—they are hearings on the merits. Because we find that appellant did not waive his right to a hearing on the merits, we vacate and remand for further proceedings not inconsistent with this opinion. We do not reach the question whether the Board's finding of involuntariness was supported by substantial evidence.

COSTS

No costs.

*VACATED AND REMANDED.*

---

5. Rule 16(c)(14) states in pertinent part:
 At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to ... an order directing a party or parties to present evidence early in the trial with respect to a

manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial pretrial findings under Rule 52(c).
Fed.R.Civ.P. 16(c)(14).