Kenneth G. DOUGHERTY, Petitioner,

v.

DEPARTMENT OF DEFENSE, Respondent.

No. 03–3088.

United States Court of Appeals, Federal Circuit.

May 28, 2003.

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

Kenneth Dougherty petitions for review of a decision of the Merit Systems Protec-

tion Board (Board) dismissing his appeal for lack of jurisdiction. *Dougherty v. Department of Defense*, 93 M.S.P.R. 301, MSPB Docket No. DC0752010677–I–1 (October 17, 2001). Because the Board correctly determined that Mr. Dougherty failed to raise an allegation of fact which, if proven, could establish that his retirement was involuntary, we *affirm*.

## BACKGROUND

Mr. Dougherty worked as a Procurement Analyst, GS–1102–14, for the Defense Logistics Agency (DLA) and administered grants to organizations that facilitate business contacts with federal, state, and local governments. A formal investigation into Mr. Dougherty's conduct in 1999 uncovered "intentional and repeated" inappropriate behavior in the workplace. By letter of January 13, 2000 Mr. Dougherty received a Notice of Proposed Removal based on thirteen instances of allegedly sexually objectionable conduct with employees of organizations seeking the government grants that Mr. Dougherty administered. The letter explained the procedure by which Mr. Dougherty should reply to the proposed removal action or request an extension, notified him of his right to union or private representation, offered "a reasonable amount of duty time" to prepare and present a reply, and explained that the removal would be effective no earlier than thirty days from the date of the letter's receipt. Mr. Dougherty elected to take early retirement on January 19, 2000, the deadline for election of early retirement under a then-outstanding agency procedure. He received a $25,000 separation incentive payment and retirement benefits effective February 3, 2000.

Mr. Dougherty filed a complaint on January 24, 2000 with the DLA Equal Employment Opportunity Division (DLA–EEO), claiming that the DLA failed to accommodate his severe depression when proposing to remove him for inappropriate conduct. After the DLA–EEO denied his claims, Mr. Dougherty appealed the circumstances surrounding his early retirement to the Merit Systems Protection Board on July 27, 2001. The Board ordered Mr. Dougherty to file evidence and argument concerning jurisdiction in view of his apparently voluntary retirement, and to explain why his appeal was delayed by five months. In response, Mr. Dougherty stated that he was forced to retire. Through counsel, Mr. Dougherty argued that the DLA knew that he was "psychologically vulnerable" and not "in a position to embark on time consuming litigation" because he "was under extreme psychological pressure" caused by depression, pressures at home, the threat of termination, and the potential effect on his treatment if he should lose medical benefits.

The administrative judge found that Mr. Dougherty did not allege facts that could establish that his retirement was involuntary, and dismissed the appeal for lack of jurisdiction. The administrative judge did not reach the untimeliness issue. This decision became the final decision of the Board when the Board denied Mr. Dougherty's petition for review on October 17, 2001.

## DISCUSSION

We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581 (Fed. Cir.1994).

An employee-initiated action, such as Mr. Dougherty's election of early retire-

ment, is presumed to be voluntary and not appealable to the Board. *See Dick v. Dep't of Veterans Affairs,* 290 F.3d 1356, 1362 (Fed.Cir.2002). This presumption may be rebutted if the employee makes a non-frivolous allegation that the retirement resulted from duress, coercion, misinformation, or deception by the agency. *See Dumas v. Merit Systems Protection Board,* 789 F.2d 892, 894 (Fed.Cir.1986); *Dick,* 290 F.3d at 1362 ("There is simply no right to a hearing on the threshold issue of jurisdiction. After making a non-frivolous allegation of the involuntariness of a retirement or resignation, an employee has a right to a hearing on voluntariness, ... but such a hearing is a hearing on the merits" (citation omitted)).

Mr. Dougherty argues that an incorrect legal standard was applied to his case— that the administrative judge required that he allege duress, coercion, *and* misrepresentation to establish that his retirement was involuntary. While the initial decision states the test for involuntariness in the conjunctive in one instance, it is correctly stated elsewhere in the Board's opinion, and correctly applied to the facts. There is no showing that the Board misapplied the standard.

Mr. Dougherty makes no allegation that the agency improperly considered disciplinary action against him or that his retirement resulted from agency misrepresentation or deception. At most, he argues that the agency failed to consider that his inappropriate acts might have been caused by his depression. The fact that the proposed removal action left Mr. Dougherty with unpleasant alternatives does not make his decision involuntary. *See Dorrall v. Department of Army,* 301 F.3d 1375, 1381 (Fed.Cir.2002). We discern no error in the conclusion that Mr. Dougherty's statements relating to his mental state, his domestic problems, and

his fear of termination did not amount to a non-frivolous allegation of duress or coercion due to improper actions by the agency. We therefore affirm the Board's dismissal of his appeal.