**Leroy A. MARTIN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 03–3243.**

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 5, 2003.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Leroy Martin ("Martin") seeks review of the decision of the Merit Systems Protection Board ("the Board") that the Board lacked jurisdiction over his appeal. *Martin v. United States Postal Serv.*, No. AT–0353–03–0164–I–1 (M.S.P.B. Jan. 15, 2003) (*"Martin II"*), *review denied, Martin v. United States Postal Serv.*, No. AT–0353–03–0164–I–1, 2003 WL 21542329, 94 M.S.P.R. 483 (M.S.P.B. June 30, 2003). *We affirm.*

BACKGROUND

On March 11, 1994, the United States Postal Service ("the USPS") removed Mr. Martin from his position as a mail handler for unacceptable conduct and submitting falsified claims for compensation for an on-the-job injury and continuation-of-pay ("COP") benefits (Forms CA–7 and 3971) to the Department of Labor, Office of Worker's Compensation Programs ("the OWCP"). Subsequently, on January 24, 1996, the OWCP awarded Mr. Martin his requested COP benefits. The OWCP did not award Mr. Martin any compensation for on-the-job injury. The USPS declined to restore Mr. Martin to his former position.

In August of 2001, Mr. Martin appealed to the Board arguing that the USPS denied him his "right to resume" employment, under 5 U.S.C. § 8151(b), by failing to restore him to his former position following the award of COP benefits. The administrative judge held that the "right to resume" employment under section 8151(b) is only accorded to employees who receive "compensation" for a work related injury. *Martin v. United States Postal Serv.*, No. AT–0353–01–0819–I–1, slip op. at 2 (M.S.P.B. Oct. 17, 2001) (*"Martin I"*), *review denied, Martin v. United States Postal Serv.*, No. AT–0353–01–0819–I–1, 91 M.S.P.R. 667, 2002 WL 521423 (M.S.P.B. Apr. 3, 2002); *see also* 5 C.F.R. § 353.304(c) (2003). Since 5 U.S.C. § 8118(e) "plainly and expressly excludes COP payments from the definition of 'compensation,'" the administrative judge held that "there is no law, rule or regulation that provides the Board with jurisdiction to review the appellant's claim." *Martin I*, slip op. at 3. The full Board denied review, and the decision became final on April 3, 2002.

On November 15, 2002, Mr. Martin again appealed to the Board arguing that the USPS should have restored him to his former position following the OWCP's decision to award him COP benefits. The Board issued an "Acknowledgement Order" on November 21, 2002, notifying Mr.

Martin that there was a question as to the Board's jurisdiction and that the appeal appeared to be barred by collateral estoppel arising from the Board's decision in *Martin I*. *Martin v. United States Postal Serv.*, No. AT–0353–03–0164–I–1, slip op. at 2 (M.S.P.B. Nov. 21, 2002). Subsequently, on January 15, 2003, the administrative judge declined to hold a hearing "because there was no factual dispute bearing on the issue of jurisdiction,"[1] and instead held that collateral estoppel barred the appeal. *Martin II*, slip op. at 1. The full Board denied review on June 30, 2003, and Mr. Martin timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In *Martin I*, the Board determined that section 8151(b) is inapplicable to Mr. Martin because COP benefits are not "compensation" within the meaning of the statute. *Martin I*, slip op. at 3. As a result of this finding, the Board held that it did not have jurisdiction over the appeal. Here, Mr. Martin argues that the Board's decision in the *Martin I* was incorrect.

Collateral estoppel precludes relitigation of an issue if: (1) the issue previously litigated is identical to the one currently before the court; (2) the issue was actually litigated in the prior case; (3) determination of that issue was necessary in the prior case; and (4) the precluded party was fully represented in the prior case. *Rice v. Dep't of Treasury*, 998 F.2d 997, 999 (Fed.Cir.1993). Here we agree with the Board that the appellant is barred from relitigating the issue of whether an award of COP benefits qualifies as "com-

pensation" under section 8151(b). The appellant was given a full opportunity to argue this issue in *Martin I*. There the Board held, contrary to Mr. Martin's arguments, that section 8151(b) was inapplicable and, as a result, it lacked jurisdiction. Mr. Martin's effort to relitigate that jurisdictional question here is barred by collateral estoppel. Collateral estoppel bars Mr. Martin from relitigating the applicability of section 8151(b) in the second appeal. Consequently, the decision of the Board is

*AFFIRMED*

COSTS

No costs.

---

1. We have previously held that there is no right to a "jurisdictional hearing." *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1362 (Fed.Cir.2002). To be sure, the right to an evidentiary hearing may arise after an appel-

lant makes a non-frivolous argument under an applicable statute or regulation, but "such a hearing is a hearing on the merits, not a jurisdictional hearing." *Id.*