NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3313

RANDOLPH W. WILKINS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  December 10, 2004

_____

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

## DECISION

Randolph Wilkins petitions for review of a decision of the Merit Systems Protection Board, Docket No. DC-1221-03-0411-W-1, dismissing his individual-right-of-action ("IRA") appeal for lack of jurisdiction.  We affirm.

## DISCUSSION

Mr. Wilkins worked for the Department of Defense Dependent School Headquarters ("DODDS") as a GS-11 level Physical Security Specialist.  Mr. Wilkins was stationed in Germany.  His direct supervisor, Thomas Ellinger, was located in

Turkey, where he served as District Superintendent of the Turkey/Spain/Islands District. During his time in Germany, Mr. Wilkins brought several concerns to the attention of Gary Jones, a GS-12 level Safety and Security Officer who worked in the same office, although under a different chain of command. Mr. Wilkins' concerns pertained to improper disclosures of classified information to DODDS employees who did not possess the necessary security clearances. In particular, Mr. Wilkins reported to Mr. Jones in October of 2000 that the principal of Bahrain Elementary/High School, Sandy Daniels, had made classified disclosures regarding terrorist threat levels to two employees who did not have security clearances—Mr. Ellinger and Fred Murphy, Chief of Management Services for DODDS. Mr. Wilkins also reported to Mr. Jones in January and February of 2001 that he had overheard conversations in a hallway at his workplace about classified information involving base closures.

Mr. Wilkins was terminated during his probationary period. In the letter informing Mr. Wilkins of his termination, Mr. Ellinger stated that "since you were hired, there have been incidents that cause me to believe that you are not properly dealing with others in our organization and the military community." The letter explained that Mr. Wilkins had "made comments to staff members and administrators that were 'off-color' or of a sexual nature"; that he had "attempted to engage military officers in inappropriate conversations concerning promotions, other military personnel and operational missions"; and that he had been "rude in dealing with a staff member in connection with travel arrangements."

After his termination, Mr. Wilkins filed a complaint with the Office of Special Counsel ("OSC"), alleging that he was terminated because he was a whistleblower. Mr.

Wilkins referred to the concerns he voiced to Mr. Jones as the acts of whistleblowing for which the agency had allegedly retaliated against him. After an investigation, the OSC closed its inquiry on Mr. Wilkins' complaint on the ground that even if his disclosures to Mr. Jones were disclosures protected by the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), Mr. Wilkins had failed to establish a causal connection between the disclosures and his termination. As a result, the OSC concluded that the WPA did not give Mr. Wilkins a basis for challenging the agency's act of terminating him.

Mr. Wilkins then filed an IRA appeal with the Merit Systems Protection Board. The administrative judge who was assigned to the case ruled that the Board did not have jurisdiction to hear the appeal because Mr. Wilkins had not made non-frivolous allegations that he made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to terminate him. With respect to the "protected disclosure" issue, the administrative judge found that "[a]t best, the disclosures represent 'minor and inadvertent miscues occurring in the conscientious carrying out of one's duties' which . . . were trivial in nature." With respect to the "contributing factor" issue, the administrative judge explained that Mr. Wilkins had not alleged that Mr. Jones played any role in the termination action, nor had he alleged that Mr. Ellinger knew of the disclosures Mr. Wilkins made to Mr. Jones or that Mr. Ellinger was influenced to take the termination action by Mr. Jones or anyone else who had knowledge of the disclosures. Accordingly, the administrative judge dismissed Mr. Wilkins' appeal for lack of jurisdiction. Mr. Wilkins petitioned for review by the full Board, but the full Board denied the petition. Mr. Wilkins now seeks review by this court.

DISCUSSION

The Board has jurisdiction over an IRA appeal "if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The agency does not dispute that Mr. Wilkins exhausted his administrative remedies before the OSC and that the agency's act of terminating his appointment constituted a personnel action within the meaning of the WPA. The determinative issue in this case is therefore whether the Board properly denied jurisdiction by showing that Mr. Wilkins failed to make non-frivolous allegations that he had made protected disclosures and that there was a causal connection between those disclosures and his termination. Because we uphold the Board's decision on the ground that Mr. Wilkins failed to make non-frivolous allegations that his disclosures contributed to the agency's decision to terminate him, it is not necessary for us to address the question whether the statements that Mr. Wilkins alleges he made to Mr. Jones constitute disclosures that are protected under the WPA.

An employee "may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that—(A) the official taking the personnel action knew of the disclosure; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action." Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1353 n.4 (Fed. Cir. 2001), quoting 5 U.S.C. § 1221(e)(1). In this

case, neither the knowledge of the official who ordered the termination nor the timing of the termination action supports an inference that Mr. Wilkins' disclosures contributed to his termination.

First, there is no evidence that Mr. Ellinger, the supervisor who terminated Mr. Wilkins, was aware of Mr. Wilkins' disclosures. Mr. Wilkins suggests that Mr. Ellinger may have learned of his disclosures because Mr. Jones spoke with Mr. Murphy about "problems" with Mr. Wilkins, and as a result, Mr. Murphy met with Mr. Ellinger and "had [Mr. Ellinger] sign the termination action."

Mr. Wilkins' argument fails both because it is based on unsubstantiated speculation and because it differs from the argument he made before the Board. "Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." Marcino v. U.S. Postal Serv., 344 F.3d 1199, 1204 (Fed. Cir. 2003), quoting Dorrall v. Dep't of the Army, 301 F.3d 1375, 1380 (Fed. Cir. 2002). Rather, a petitioner must support his allegations with "affidavits or other evidence." Id.; see also Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1361 (Fed. Cir. 2002) ("whether allegations are 'non-frivolous' is determined by the written record."). Mr. Wilkins fails to provide any evidentiary support for his assertion that Mr. Jones met with Mr. Murphy and discussed problems that included Mr. Wilkins' disclosures. He merely speculates that the two met and discussed the disclosures. Likewise, Mr. Wilkins fails to provide any evidentiary support for his assertion that Mr. Murphy conveyed information regarding the disclosures to Mr. Ellinger.

Moreover, Mr. Wilkins did not make the argument regarding Mr. Ellinger's awareness of his disclosures to the Board. He has therefore waived that argument.

Arguments that are not raised before the Board may not subsequently be raised on appeal. Henry v. Dep't of the Navy, 902 F.2d 949, 953 (Fed. Cir. 1990); see Meglio v. Merit Sys. Prot. Bd., 758 F.2d 1576, 1577 (Fed. Cir. 1985). In the brief he filed with the Board, Mr. Wilkins did not allege that Mr. Jones had passed on knowledge of Mr. Wilkins' disclosures to either Mr. Ellinger or Mr. Murphy. Rather, he merely asserted that "[s]hortly before his termination, Mr. Murphy (Superintendent of Bahrain) and Mr. Ellinger met with Sandy Daniels" and that "Mr. Murphy and Mr. Ellinger then jointly made the decision to terminate [him]." Those statements are insufficient to provide a basis from which to infer that Mr. Ellinger or Mr. Murphy were aware of Mr. Wilkins' disclosures, as they fail even to allege that Mr. Jones and Mr. Murphy spoke with one another about Mr. Wilkins. Mr. Wilkins now argues that Mr. Jones "had private conversations with . . . Fred Murphy, specifically about [him]," and he argues, based on that assertion, that it can be inferred that the two discussed his disclosures and that Mr. Ellinger's termination decision was based, at least in part, on those disclosures. Mr. Wilkins, however, failed to make that argument to the Board, and he has therefore waived his right to make that assertion on appeal.

In addition to arguing that his supervisor knew of his disclosures, Mr. Wilkins contends that the period of time between his disclosures and his termination (eight months and four months, respectively) was brief enough that a reasonable person could conclude that the disclosures contributed to the agency's decision to terminate him. Again, however, he failed to make that argument to the Board and therefore has waived it.

In sum, we agree with the administrative judge that in his submission to the Board Mr. Wilkins failed to make a non-frivolous allegation of a causal connection between his disclosure of alleged violations and his termination. Based on the administrative judge's analysis of that issue and our rejection of the new arguments that Mr. Wilkins has made for the first time in this court, we uphold the Board's dismissal of his IRA appeal for lack of jurisdiction.