NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3327, -3338, -3339

CARLOS A. VELTRUSKI-HECK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 10, 2005

_____

Before LOURIE, LINN, and PROST, Circuit Judges.

PER CURIAM.

Carlos A. Veltruski-Heck petitions for review of three final decisions of the Merit Systems Protection Board ("MSPB").  In each decision, the MSPB affirmed the initial decision of an administrative judge dismissing Mr. Veltruski-Heck's individual-right-of-action appeals for lack of jurisdiction.  See Veltruski-Heck v. Dep't of Homeland Security, No. SF1221030479-W-1 (M.S.P.B. July 9, 2003); Veltruski-Heck v. Social Security Admin., No. SF1221030448-W-1 (M.S.P.B. June 18, 2003); Veltruski-Heck v. Dep't of Justice, SF1221030444-W-1 (M.S.P.B. June 18, 2003).  We affirm.

BACKGROUND

Mr. Veltruski-Heck appears to allege that various federal agencies have denied him employment opportunities as reprisals for certain whistleblowing activities in violation of 5 U.S.C. § 2302(b)(8). For example, Mr. Veltruski-Heck, an alien arrested by the Immigration and Naturalization Service in June 2002, states in his informal brief that the "essence of [his] cases" is that his "employers retaliated against [him] for demanding sponsorship" to become a United States citizen. Elsewhere he states that "I just want [the federal agencies] to give me a job to improve the way [they] conduct business and stop the retaliatory acts against me to cover up [their] ineptitude." He also complains that "unscrupulous employers are not being prosecuted as requested by Veltruski[-Heck;] that is why Veltruski[-Heck] is applying for a job with all the federal agencies."

In each of the cases, the administrative judge, without holding a hearing, concluded that Mr. Veltruski-Heck failed to make non-frivolous allegations sufficient to establish jurisdiction in front of the MSPB. In Mr. Veltruski-Heck's case against the Department of Homeland Security ("DHS"), the administrative judge determined that Mr. Veltruski-Heck failed to make non-frivolous allegations of the type of wrongdoing that can reasonably be attributed to the federal government, as opposed to a private employer, such that its disclosure would qualify for protection. The administrative judge also found that Mr. Veltruski-Heck failed to make a non-frivolous allegation that he exhausted his remedies concerning his alleged application for employment with the DHS. In Mr. Veltruski-Heck's case against the Social Security Administration ("SSA"), the administrative judge determined that Mr. Veltruski-Heck failed to make non-frivolous

allegations or provide evidence that he was either an employee or an applicant for employment with the SSA. In Mr. Veltruski-Heck's case against the Department of Justice ("DOJ"), the administrative judge similarly determined that Mr. Veltruski-Heck failed to make non-frivolous allegations or provide evidence that he was either an employee or an applicant for employment with the DOJ.

Mr. Veltruski-Heck petitioned the MSPB to review the administrative judge's decisions. In each case, the MSPB concluded that there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affected the outcome. The MSPB therefore denied each petition making each initial decision final.

Mr. Veltruski-Heck petitions for review of each final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review decisions of the MSPB to ensure they are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In each case, the administrative judge determined that jurisdiction was lacking at least in part because Mr. Veltruski-Heck failed to make non-frivolous allegations or provide evidence either (1) that he was an employee, former employee, or applicant for employment of one of the named federal agencies; or (2) that he exhausted his remedies concerning alleged reprisals for whistleblowing activities even if he did make non-frivolous allegations or provide evidence that he was an employee, former

employee, or applicant for employment of one of the named federal agencies. The administrative judge was correct to require that Mr. Veltruski-Heck satisfy both of these jurisdictional requirements. See 5 U.S.C. § 1221(a) (granting "an employee, former employee, or applicant for employment" the right to seek corrective action from the MSPB in certain reprisal cases); 5 U.S.C. § 2302(b)(8) (prohibiting reprisals against "any employee or applicant for employment"); 5 U.S.C. § 1214(a)(3) (requiring exhaustion of remedies in section 2302(b)(8) cases). Thus, we conclude that the three decisions of the MSPB were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

We also conclude that, in each case, the administrative judge followed procedures required by applicable laws, rules, and regulation. In particular, the administrative judge was not required to hold hearings absent non-frivolous allegations. See Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1361 (Fed. Cir. 2002) (stating that "an evidentiary hearing is unnecessary for the conferring of jurisdiction, because whether allegations are 'non-frivolous' is determined by the written record"). As discussed below, we conclude that the administrative judge was correct that Mr. Veltruski-Heck failed to make non-frivolous allegations. Thus, the administrative judge's decision not to hold hearings was not improper.

We conclude that substantial evidence supports the administrative judge's conclusions regarding the frivolousness of Mr. Veltruski-Heck's allegations and the lack of evidence supporting the allegations. In this regard, Mr. Veltruski-Heck appears to challenge the administrative judge's determination that he failed to provide evidence that he was an employee of the SSA. Mr. Veltruski-Heck states that he "worked for 6

04-3327, -3338, -3339                    4

different offices of SSA" and that he was "directly paid by SSA." Mr. Veltruski-Heck, however, fails to point to any evidence in the record supporting these assertions. Furthermore, even if supported by evidence in the record, these facts alone would not provide sufficient grounds for us to overturn the conclusion of the administrative judge that Mr. Veltruski-Heck was only a contractor, not an employee, of the SSA since substantial evidence supports that conclusion.

Mr. Veltruski-Heck also appears to challenge the administrative judge's determination that he failed to provide evidence that he applied for various jobs with the federal government. However, Mr. Veltruski-Heck merely states that he "applied for a job following MSPB guidelines and was denied a job" without citation to supporting evidence in the record. Without such evidence, we cannot say that substantial evidence does not support the administrative judge's conclusions. Furthermore, in front of the MSPB, Mr. Veltruski-Heck argued that to be considered an applicant he was not required to submit an application on a particular form and that any type of written request or even verbal requests for federal employment should be sufficient. We agree with the administrative judge's rejection of these contentions: to be considered an application for federal employment, the request for employment should be "solicited by the government and received and processed through normal hiring procedures."

We have considered other arguments presented by Mr. Veltruski-Heck and conclude that they do not require reversal of any of the three MSPB decisions.

CONCLUSION

For the foregoing reasons, we affirm each of the three decisions.

04-3327, -3338, -3339                    5