NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3270

GERTRUDE STEPHENS,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED: December 8, 2005

_____

Before LOURIE, RADER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Gertrude Stephens ("Stephens") seeks review of the final decision of the Merit Systems Protection Board ("Board") that dismisssed her appeal for lack of jurisdiction. <u>See</u> <u>Gertrude Stephens v. Dep't of Agric.</u>, No. SF-0752-04-0386-I-1 (M.S.P.B. May 26, 2005) ("Final Decision"). The Board dismissed Stephens' appeal after it determined that she failed to make a non-frivolous allegation that her retirement from the United States Forest Service ("agency") was involuntary. We <u>affirm</u>.

BACKGROUND

Stephens was employed as a Manpower Development Specialist by the agency. Effective November 1, 1996, Stephens retired from her position with the agency. In connection with her retirement, Stephens received a $25,000 separation incentive.

On April 19, 2004, Stephens filed an appeal with the Board, challenging the agency's denial of relief for her claims of discrimination based upon disability and previous Equal Employment Opportunity ("EEO") activity. In the appeal, she alleged that her resignation was coerced due to a hostile work environment, harassment, and denial of reasonable accommodation for her allergies.

Noting that employee-initiated actions such as Stephen's retirement are presumed to be voluntary, the Administrative Judge ("AJ") issued an Order to Show Cause requiring Stephens to submit evidence and argument sufficient to rebut the presumption of voluntariness, and thereby to establish that her appeal was within the Board's jurisdiction. In response, Stephens alleged that she was forced to retire as a result of duress and coercion by her supervisor, Carlos Ricoy. Specifically, she alleged incidents of harassment, including delay in processing her worker's compensation claim, being transferred to a different room, being ignored at staff meetings, denial of use of voice-mail, failure to support her work efforts, and being side-tracked with meaningless job assignments.

After considering the allegations submitted by Stephens, the AJ issued the Board's Initial Decision, which dismissed her appeal for lack of jurisdiction, without a hearing. Stephens v. Dep't of Agric., No. SF-0752-04-0386-I-1 (M.S.P.B. Aug. 20, 2004) ("Initial Decision"). The Initial Decision became the Final Decision of the Board

on May 25, 2005, after the Board denied Stephens' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115.

Stephens timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A.     Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;  (2) obtained without procedures required by law, rule or regulation having been followed;  or (3) unsupported by substantial evidence. Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

B.     Analysis

Absent evidence to the contrary, a retirement is presumed to be voluntary and is beyond the Board's jurisdiction. See Covington v. Dep't of Health & Human Servs., 750 F.2d 937, 941 (Fed. Cir. 1984). To establish Board jurisdiction, an appellant must overcome the presumption of voluntariness by making a non-frivolous allegation that the resignation was the result of misinformation, deception, or coercion by the agency. Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1362 (Fed. Cir. 2002). The test for involuntariness is an objective one; it is not measured by the appellant's subjective

evaluation of his or her situation. <u>Middleton v. Dep't of Def.</u>, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Involuntariness may be established by a showing that an appellant's working conditions were made so intolerable that a reasonable person in the appellant's position would have felt compelled to resign. <u>Id.</u>

On appeal, Stephens alleges that she was harassed by her supervisor and that the agency took no action in response. Among other contentions, Stephens alleges that she was ignored at staff meetings, denied use of voice-mail, denied reasonable accommodation for her allergies, and was not supported in her work efforts.

The AJ appropriately considered all of Stephens' arguments regarding coercion and harassment in the workplace, ultimately concluding that she failed to show that "a reasonable person in her position would have believed that she had no other option but to retire." <u>Initial Decision</u> at 7. Moreover, the AJ stated that the evidence of the record indicated that "[she] had contemplated retirement over a period in excess of five months and that [she] had accepted $25,000 incentive payment regarding her decision to retire." <u>Id.</u> at 6.

We discern no error in the Board's decision. We agree that, even if Stephens' allegations are taken as true, she has failed to show that the working conditions of her employment were made so intolerable that a reasonable person in her position would have felt compelled to retire. <u>See</u> <u>Staats v. United States Postal Serv.</u>, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (explaining that "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary"). Moreover, as the AJ found, Stephens made a reasoned decision to accept a $25,000 incentive to retire. Under

these circumstances, the AJ properly concluded that "[a]lthough appellant may regret that decision now, appellant's choice does not equate to coercion." Thus, as the Board found, none of Stephens' allegations can sustain her claim that her retirement from the agency was involuntary. Initial Decision at 6.

For the foregoing reasons, the decision of the Board dismissing Stephens' appeal for lack of jursidiction is affirmed.