NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3243

LAURA E. LEGGATE,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED: June 16, 2006

_____

Before MAYER, LOURIE, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge MAYER. Dissenting opinion filed by Circuit Judge DYK.

PER CURIAM.

Laura E. Leggate appeals the decision of the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction. Leggate v. Dep't of the Interior, DE0752040105-I-1 (MSPB May 6, 2004). We affirm.

This court may only reverse a board's decision if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c). Whether the board has jurisdiction over an appeal

is a question of law that we review <u>de novo</u>. <u>See</u> <u>Herman v. Dep't of Justice</u>, 193 F.3d 1375, 1378 (Fed. Cir. 1999).

In order to obtain a hearing in front of the board, the petitioner must make "non-frivolous allegations of jurisdiction supported by affidavits or other evidence . . ." showing, in this case, that her resignation was involuntary. <u>See</u> <u>Dick v. Dep't of Veterans Affairs</u>, 290 F.3d 1356, 1361-64 (Fed. Cir. 2002). The court in <u>Dick</u> specifically found that affidavits of a former government employee <u>along with</u> the affidavits of several Department of Veterans Affairs physicians were sufficient to meet the non-frivolous allegation standard. <u>Id.</u> at 1362-63. Because Leggate submitted only her own affidavit, she failed to make a non-frivolous allegation that her resignation was involuntary. As a result, the board did not have jurisdiction, and she was not entitled to a hearing on the merits of her claim.

<u>Garcia v. Dep't of Homeland Security</u>, 437 F.3d 1322, 1344 (Fed. Cir. 2006), overruled <u>Dick</u> only to the extent that it stood for the assertion that jurisdiction is <u>conclusively</u> established by making non-frivolous claims of board jurisdiction. <u>See</u> 437 F.3d at 1342-44. <u>Garcia</u> did not overrule the portion of <u>Dick</u> that found affidavits of the former government employee <u>along with</u> the affidavits of several DVA physicians to be sufficient to support a non-frivolous allegation of jurisdiction, <u>Dick</u>, 290 F.3d at 1362-63.

Even if in some circumstances an employee's affidavit on its own could be sufficient to support a non-frivolous allegation, the content of Leggate's affidavit was insufficient. The presumption that employee-initiated actions are voluntary has been rebutted in two types of circumstances: (1) when the employee makes a non-frivolous allegation that the agency was planning to take an adverse action against her; and (2)

when the employee makes a non-frivolous allegation that the agency made her working conditions intolerable. With regard to Leggate's allegation that the agency was planning adverse action against her, the "letter of instruction" had been withdrawn prior to her resignation. Moreover, to establish involuntariness of one's resignation on such grounds, one must show that the agency lacked reasonable grounds for that adverse action. Terban v. Dep't of Energy, 216 F.3d 1021, 1026 (Fed. Cir. 2000). Here, Leggate admitted to the behavior on which the letter of reprimand was based. Therefore, her allegation that these letters were proof that the agency planned to take adverse action against her was insufficient to establish the involuntariness of her resignation.

The affidavit was also insufficient to support Leggate's allegation that the supposed hostile work environment was within the control of the agency, that her working conditions were intolerable, and that there was a link between the working conditions and her resignation. See id. at 1024-25 (setting out the requirements for establishing intolerable working conditions).

NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3243

LAURA E. LEGGATE,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR

Respondent.

DYK, <u>Circuit Judge</u>, dissenting.

I respectfully dissent.  In my view the portions of the petitioner's affidavit concerning the alleged harassment were sufficient to require a hearing before the Board.