Matthew A. **EASTERBROOK,**
Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
Respondent.

No. 03–3195.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 13, 2004.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Matthew A. Easterbrook petitions for review of the final decision of the Merit Systems Board ("Board") that dismissed his appeal for lack of jurisdiction. *Easterbrook v. Dep't of Justice*, No. SF–0752–02–0637–I–1 (M.S.P.B. Jan. 31, 2003). We *affirm.*

## DISCUSSION

### I.

Effective April 15, 1998, Mr. Easterbrook retired on disability from his position of Correctional Officer, GS–9, with the Bureau of Prisons, Department of Justice ("agency"). Subsequently, on August 29, 2002, Mr. Easterbrook filed an appeal with the Board, alleging that his retirement was involuntary. In an initial decision dated December 27, 2002, the administrative judge ("AJ") to whom the case was assigned dismissed the appeal for lack of jurisdiction after determining that Mr. Easterbrook had failed to make a non-frivolous allegation that his retirement was involuntary. No. SF–0752–02–0637–I–1 (M.S.P.B. Dec. 27, 2002) ("*Initial Decision*"). Pursuant to 5 C.F.R. § 1201.113, the AJ's initial decision became the final decision of the Board on January 31, 2003, after Mr. Easterbrook failed to file a petition for review. This appeal followed. We

have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

Absent evidence to the contrary, a retirement is presumed voluntary and is beyond the Board's jurisdiction. *See Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 941 (Fed.Cir.1984). However, an involuntary retirement is tantamount to a removal, an adverse action over which the Board has jurisdiction pursuant to 5 U.S.C. § 7512. *See Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123 (Fed.Cir.1996).

Pursuant to 5 C.F.R. § 1201.56(a)(2)(i), an appellant has the burden of establishing Board jurisdiction by a preponderance of the evidence. "The Board has jurisdiction over an appeal if the government employee makes non-frivolous allegations of jurisdiction supported by affidavits and other evidence." *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1361 (Fed.Cir.2002). "Whether allegations are non-frivolous is determined on the basis of the administrative record." *Spencer v. Dep't of Navy*, 327 F.3d 1354, 1356 (Fed.Cir.2003) (citing *Dick*, 290 F.3d at 1361). After an employee makes a non-frivolous allegation that a retirement was involuntary, he or she has a right to a hearing on voluntariness. *Dick*, 290 F.3d at 1362 (citing *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed.Cir. 1985)).

To establish Board jurisdiction in his case, Mr. Easterbrook had to make non-frivolous allegations that (1) after the onset of his disability and prior to his separation, he requested altered duties or working conditions, or indicated to the agency that he wished to continue working with a modification of his working conditions or duties; (2) there was a reasonable accommodation available prior to the date of his separation, either at or below his grade level, that would have allowed him to continue his employment; and (3) the agency did not provide that accommodation. *See Benavidez v. Dep't of the Navy*, 241 F.3d 1370, 1375 (2001) (affirming MSPB decision using these criteria).

## III.

As noted, the Board dismissed Mr. Easterbrook's appeal because it determined that he had failed to make a non-frivolous allegation that his disability retirement was involuntary. Mr. Easterbrook asserted that the agency had failed to accommodate his disability. However, the Board determined that Mr. Easterbrook had "basically speculated that some unidentified accommodation 'must' have been available. Appellant has failed to identify any specific accommodation." *Initial Decision* at 4. The Board thus dismissed Mr. Easterbrook's appeal.

The disability which led to Mr. Easterbrook's retirement was occupational asthma. Before the Board, Mr. Easterbrook alleged that the agency facility where he worked, the United States Penitentiary in Lompoc, California (the "penitentiary"), "never offered to reasonably accommodate me by giving me an assignment in which I would not be exposed to conditions which would worsen my occupational asthma." In support of his claim, Mr. Easterbrook asserted that he was reassigned from Unit K to Unit D at the penitentiary after he

presented a note from his doctor "indicating that I should be placed in a different work area which would not aggravate my occupational asthma, e.g. dust, smoke and pigeon droppings." Mr. Easterbrook further asserted, however, that the office he was given in Unit D was inadequately ventilated and was used to store cleaning materials such as bleach, an ammonia based glass cleaner, and industrial wax, all of which could be smelled even though they were in containers. Finally, Mr. Easterbrook stated that he was exposed to second-hand cigarette smoke. Mr. Easterbrook alleged that, "[a]s a result of continued exposure to smoke, cleaning materials and bleach fumes, my respiratory condition worsened."

We cannot say that the Board erred in concluding that Mr. Easterbrook failed to make a non-frivolous allegation that the agency failed to accommodate his disability. It is true that, before the Board, Mr. Easterbrook specified the circumstances in the workplace that he alleged aggravated his occupational asthma. At the same time, however, he did not identify any location in the penitentiary, such as a particular wing, unit, or office, or point to any particular correctional officer duties, that would have been free of noxious fumes and smoke. We thus agree with the Board that Mr. Easterbrook failed to identify "any specific accommodation" of his disability. His allegation that his retirement was involuntary was thus fatally defective in terms of establishing either involuntariness or entitlement to discovery and an evidentiary hearing.

For the foregoing reasons, the decision of the Board dismissing Mr. Easterbrook's appeal for lack of jurisdiction is affirmed.

Each party shall bear its own costs.