Kevin R. DOWNING, Petitioner,

v.

**DEPARTMENT OF LABOR,**
**Respondent.**

No. 03–3131.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 13, 2004.

device or the dispersal multiplexers in the Itanium 2 device.

Before GAJARSA, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

Kevin R. Downing ("Downing") appeals from a final decision of the Merit Systems Protection Board ("Board"), No. NY–1221–01–0328–W–1, 2002 WL 31740577, dismissing his claim under the Whistleblower Protection Act, Pub.L. No. 101–12, 103 Stat. 16 (1989), for lack of jurisdiction. Because the Board did not faithfully adhere to our precedent and was unclear in articulating the standard it applied in determining whether it had jurisdiction over Downing's claim, we *vacate* and *remand* for further proceedings.

## BACKGROUND

In January 1999, Downing was given a term appointment as an economist in the New York office of the Bureau of Labor Statistics. From February 1999 to Octo-ber 1999, Downing alleged that he informed certain members of Congress that the Department of Labor's plan to consolidate the regional management of the New York office into the Boston office violated the law, would result in inefficiency and waste, and constituted gross mismanagement of funds. Downing was terminated on November 29, 1999, during the one-year trial period of his term appointment. His Notice of Termination During Trial Period stated that his termination was due to "significantly less than satisfactory" work performance and conduct.

Downing appealed his removal to the Office of Special Counsel ("OSC") on February 8, 2000; his appeal ultimately was denied. Downing then filed an Individual Right of Action ("IRA") appeal with the Board on August 21, 2001, alleging that his termination was due to whistleblowing and his communications with Congress. The Board dismissed Downing's claims for lack of jurisdiction on February 11, 2002 and issued a Final Order denying reconsideration of Downing's complaint on November 26, 2002.

Downing appealed. We have jurisdiction from an appeal of a final decision of the Board pursuant to 5 U.S.C. § 7703(b).

## ANALYSIS

■ Whether the Board has jurisdiction over a particular matter is a question of law that this court reviews de novo. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1998).

■ "This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a pro-

tected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1372 (Fed.Cir.2001).[1]

We have held that "the Board has jurisdiction over an appeal if the employee makes *non-frivolous allegations* that the elements of his claim are satisfied." *Spencer v. Dep't of the Navy,* 327 F.3d 1354, 1356 (Fed.Cir.2003) (emphasis added); *Dick v. Dep't of Veterans Affairs,* 290 F.3d 1356, 1361 (Fed.Cir.2002) ("The Board has jurisdiction over an appeal if the government employee makes non-frivolous allegations of jurisdiction supported by affidavits or other evidence."); *Yunus,* 242 F.3d at 1371 ("This court has held that the Board has jurisdiction over an IRA appeal if the appellant ... makes 'non-frivolous allegations' that ... he engaged in [protected] whistleblowing activity....."); *Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 687–88 (Fed.Cir.1992) ("The forum had jurisdiction to hear the matter in the first instance–that is, subject-matter jurisdiction existed–as long as the petitioner asserted nonfrivolous claims."). Once jurisdiction is established, the Board will hold a merits hearing; "at that hearing the appellant must establish the elements of his claim by a *preponderance of the evidence." Spencer,* 327 F.3d at 1356–57 (emphasis added).

In Downing's appeal, the Board articulated its jurisdictional standard as follows:

"The appellant has the burden of proving by preponderance of the evidence that the Board has jurisdiction over his appeal. An appellant is entitled to a jurisdictional hearing if he makes a nonfrivolous allegation that the Board has jurisdiction over his appeal." *Downing v. Dep't of Labor,* No. NY–1221–01–0328–W–1, slip op. at 2 2002 WL 31740577 (M.S.P.B. Feb. 11, 2002) (citations omitted). It again articulated the improper standard: "To establish Board jurisdiction over an IRA appeal, an appellant must show, by *preponderant evidence* ..." the factors of an IRA appeal. *Id.* at 3 (emphasis added). The Board concluded by stating: "Here, the appellant has not alleged any facts, which if true, would show that his alleged disclosures met the aforementioned standards." *Id.* at 7. Although the concluding language may indicate the Board applied the proper non-frivolous allegation standard, we are left with no clear indication of what "aforementioned standards" the Board actually applied.

In *Spencer v. Department of the Navy,* 327 F.3d 1354 (Fed.Cir.2003), we thoroughly explained the difference between the standards to be applied by the Board in determining jurisdiction and in determining the merits of a claim:

> [T]he Board has jurisdiction over an appeal if the employee makes non-frivolous allegations that the elements of his claim are satisfied. Whether allegations are non-frivolous is determined on the basis of the written record. Only after Board jurisdiction is established is the Board

**1.** The Board noted that Downing was terminated prior to the completion of his one-year probationary period and that normally the Board lacks jurisdiction over appeals of persons on probationary appointments because they are not "employees" as defined by 5 U.S.C. § 7511(a)(1)(A). However, Downing's probationary status does not preclude him from bringing an IRA appeal under the Whistleblower Protection Act. We have repeatedly held that the protections of the Whistleblower Protection Act extend to probationary employees. *See, e.g., Horton v. Dep't of the Navy,* 66 F.3d 279, 282 (Fed.Cir.1995).

required to provide an employee with a hearing under 5 U.S.C. § 7701(a)(1), and that hearing is a hearing on the merits, not a jurisdictional hearing.

It is axiomatic that at that hearing the appellant must establish the elements of his claim by a preponderance of the evidence. Failure to do so is a failure to state a claim on which relief can be granted; it is not, repeat not, a matter of lack of subject matter jurisdiction to decide the merits. The consequence of such a failure is a judgment on the merits, not a dismissal for lack of jurisdiction.

*Id.* at 1356–57 (citations omitted).

■ Here the Board erred by not clearly articulating the standard it applied in evaluating whether Downing had established jurisdiction of the Board over his case. At oral argument, the Department of Justice acknowledged the ambiguity in the Board's decision and its awareness of the expectation stated in *Spencer* that "the Department of Justice[ ] in future cases will faithfully adhere to our precedent [to] avoid any further question about fair procedure." *Id.* at 1357. We are disappointed that, despite the recognized ambiguity, the Department of Justice chose to contest this appeal rather than to voluntarily agree to remand the case for clarification.

For the reasons noted, we *vacate* and *remand* this case to the Board with instructions to review the written record and to determine, on that record, whether Downing has made a non-frivolous allegation on each of the elements of his claim to establish Board jurisdiction. If Downing establishes jurisdiction, the Board shall provide him with a hearing and shall conduct such further proceedings on the merits of his claim as may be appropriate.

## COSTS

Each party to bear its own costs.