Brenda T. BROOKS, Petitioner,

v.

SOCIAL SECURITY
ADMINISTRATION,
Respondent.

No. 03–3311.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 13, 2004.

Brenda T. Brooks, Greenbelt, MD, pro se.

Michael N. O'Connell, Donald E. Kinner, David M. Cohen, Washington, DC, for Respondent.

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Brenda T. Brooks petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal for lack of jurisdiction. *Brooks v. Social Sec. Admin.*, No. DC–3443–02–0706–I–1, 2003 WL 22248732, 95 M.S.P.R. 293 (M.S.P.B. June 26, 2003). The Board dismissed Ms. Brooks' appeal after it determined that she had failed to make a non-frivolous allegation that her retirement from the Social Security Administra-tion ("agency") was involuntary. We *affirm*.

## DISCUSSION

### I.

Ms. Brooks was employed as a Claims Development Clerk, GS–0998–5, at the M Street Field Office of the agency in Washington, D.C. By memorandum dated April 16, 2001, the agency offered early retirement to all of its employees beginning on June 1, 2001. Ms. Brooks retired under the early out program on September 21, 2001.

On July 22, 2002, Ms. Brooks filed an appeal with the Board. In it, she alleged that her resignation was involuntary because it was the product of duress in the form of intolerable working conditions. In an initial decision dated October 9, 2002, the administrative judge ("AJ") to whom the appeal was assigned dismissed the appeal after determining that Ms. Brooks had failed to make a non-frivolous allegation that her retirement was involuntary. *Brooks v. Social Sec. Admin.*, No. DC–3443–02–0706–I–1, (M.S.P.B. Oct. 9, 2002) ("Initial Decision"). The AJ's initial decision became the final decision of the Board on June 26, 2003, after the Board denied Ms. Brooks' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsup-

ported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

Absent evidence to the contrary, a retirement is presumed voluntary and is beyond the Board's jurisdiction. *See Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 941 (Fed.Cir.1984). However, an involuntary retirement is tantamount to a removal, an adverse action over which the Board has jurisdiction pursuant to 5 U.S.C. § 7512. *See Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123 (Fed.Cir.1996). In order to overcome the presumption of voluntariness and demonstrate that a retirement was involuntary, an appellant must show either (1) that the retirement was the product of misinformation or deception by the agency, *id.* at 1124 (citing *Covington*, 750 F.2d at 942), or (2) that the retirement was the product of coercion by the agency, *id.* (citing *Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 894 (Fed.Cir.1986)). The test for involuntariness is an objective one; it is not measured by the appellant's subjective evaluation of his or her situation. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed. Cir.1999). Involuntariness may be established by a showing that an appellant's working conditions were made so intolerable that a reasonable person in the appellant's position would have felt compelled to resign. *Id.*

We held in *Dick v. Dep't of Veterans Affairs* that "[a]n employee need not prove coercion by preponderant evidence to invoke the Board's jurisdiction and warrant a hearing to determine voluntariness on the merits. Rather, if an employee has made a non-frivolous allegation that, if proven, could establish that his resignation was coerced, that is all that is required to trigger the Board's jurisdiction at this threshold stage." 290 F.3d 1356, 1362

(Fed.Cir.2002) (citations omitted). "The Board has jurisdiction over an appeal if the government employee makes non-frivolous allegations of jurisdiction supported by affidavits and other evidence." *Id.* at 1361. "Whether allegations are non-frivolous is determined on the basis of the administrative record." *Spencer v. Dep't of Navy*, 327 F.3d 1354, 1356 (Fed.Cir. 2003) (citing *Dick*, 290 F.3d at 1361). If an appellant makes a non-frivolous allegation that a retirement was involuntary, he or she has a right to a hearing on involuntariness. *Dick*, 290 F.3d at 1362 (citing *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed.Cir.1985)). On the record before us, it appears that Ms. Brooks did not substantiate her allegations with admissible evidence as required by our decision in *Dorrall v. Dep't of Army*, 301 F.3d 1375, 1380 (Fed.Cir.2002). In any event, we find her allegations to be insufficient.

### III.

In her appeal to the Board Ms. Brooks asserted (1) that she had been harassed by Albertha Mitchell, her first level supervisor, and by Katie I. Smith, her second level supervisor; (2) that from November of 1998 to January of 1999 an individual by the name of Pierre DuBois had stalked her at the urging of Ms. Smith; (3) that in April of 2000, she was held in her office against her will by Ms. Mitchell; (4) that Ms. Smith denied her request for a reassignment in 1998; and (5) that the agency ignored pertinent medical evidence recommending her reassignment to a less stressful job.

The AJ determined that Ms. Brooks had failed to make a non-frivolous allegation of involuntariness after reviewing the documents that Ms. Brooks submitted concerning her employment at the agency from 1990 to 2001. The AJ stated that although

Ms. Brooks had described working conditions that she perceived to be intolerable, she has not identified specific actions by management that were coercive or explained why the unpleasant working conditions she described were so difficult that a reasonable person would be compelled to retire. Finally, the circumstances described by the appellant do not support a finding that she was effectively deprived of free choice. Rather, the appellant appears to have responded voluntarily to an agency offer of early retirement.

Initial Decision, slip op. at 6–7.

We see no error in the Board's decision. We agree that, even if Ms. Brooks' allegations are taken as true, they would not have created the situation where a reasonable person felt that he or she had no other choice but to retire. Ms. Brooks had in 1997 and 1998 filed grievances with the agency alleging that she had been denied an award and a promotion; however, she continued working at the agency until 2001. As the AJ found, this delay of several years indicates that these actions by the agency were unconnected to Ms. Brooks' retirement. *Id.* slip op. at 5. In any event, the AJ correctly observed that failure to receive an award or promotion would be insufficient to compel a reasonable individual's resignation. *Id.* slip op. at 4–5.

Ms. Brooks' allegations of harassment and stalking also cannot sustain her action for involuntary retirement. Ms. Brooks complains that Ms. Mitchell detained her against her will in an office at the agency on April 12, 2000. *Id.* slip op. at 5. The AJ found that this incident, even as perceived by Ms. Brooks, amounted only to "a momentary attempt by Ms. Mitchell to restrict the appellant's egress long enough to talk to her." *Id.* We agree with that characterization. We also find Ms.

Brooks' complaint that Mr. Dubois stalked her at Ms. Smith's request to be without merit. Ms. Brooks knew and did not appear to fear Mr. Dubois. *Id.* slip op. at 6. In fact, Ms. Brooks was aware of Ms. Smith's involvement in the alleged stalking only because of her conversations with Mr. Dubois. From this admission, the AJ reasonably inferred that "[i]f the appellant knew Mr. Dubois and was not afraid of him, it is unclear how his watching her at Ms[.] Smith's request would scare her into quitting her job." *Id.* In addition, as the AJ noted, Ms. Brooks was detailed to the Brightseat office on April 9, 2001. She thus was removed from the environment in which she alleged she was harassed and under stress. Under these circumstances, we agree with the Board that Ms. Brooks failed to establish that either stress or interpersonal conflict with Ms. Mitchell, Ms. Smith, and Mr. Dubois, resulted in intolerable working conditions. Finally, Ms. Brooks has not alleged generally that the conditions at the Brightseat office, to which she was reassigned following the settlement of her grievance and her discrimination complaint, *id.* slip op. at 2, continued to be intolerable, *id.* slip op. at 6.

Thus, as the Board found, none of Ms. Brooks' allegations can sustain her claim that her retirement from the agency was involuntary. *Id.* slip op. at 6–7. For the foregoing reasons, the decision of the Board dismissing Ms. Brooks' appeal for lack of jurisdiction is affirmed.