NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3114

DIANA M. WILLIAMS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

———————————————

DECIDED: January 26, 2005

———————————————

Before LOURIE, SCHALL, and PROST, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Diana M. Williams petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction (i) her appeal of her alleged involuntary resignation from her position with the Department of the Treasury ("agency"), and (ii) her claims under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat 16 (1989) (codified at 5 U.S.C. § 2302(b)(8)). Williams v. Dep't of the Treasury, No. DA-1221-02-0555-W-1 (M.S.P.B. Oct. 23, 2003). We affirm.

DISCUSSION

I.

Effective June 4, 2001, Ms. Williams received a career-conditional appointment to the position of Secretary (Office Automation), GS-0318-05, with the Internal Revenue Service. The appointment was subject to a one-year probationary period. By letter dated November 6, 2001, the agency informed Ms. Williams that she was being terminated during her probationary period, effective November 21, 2001. The letter informed Ms. Williams that she had the right to appeal her termination to the Board if she believed that it was based on partisan political reasons or on her marital status. On November 20, 2001, Ms. Williams submitted her resignation, effective that day. In her letter of resignation, Ms. Williams stated that she was resigning for health reasons.

However, in 2002, Ms. Williams filed an appeal with the Board. In an Acknowledgement Order dated July 19, 2002, the administrative judge ("AJ") to whom the appeal was assigned informed Ms. Williams that the Board might not have jurisdiction over her appeal. The Order explained that a resignation is presumed to be a voluntary action and thus not appealable to the Board. The Order also explained the limited appeal rights that are available to an employee who is terminated during his or her probationary period. In addition, Ms. Williams was told that she had the burden of establishing the Board's jurisdiction, as well as what she would have to prove in order to establish jurisdiction. On August 19, 2002, the AJ issued a Second Order Regarding Jurisdiction. In that Order, the AJ again informed Ms. Williams of what she was required to do in order to establish Board jurisdiction over her appeal.

After considering the documentary record, the AJ issued an initial decision on October 31, 2002 in which she concluded that Ms. Williams had not established that her resignation was involuntary. Williams v. Dep't of the Treasury, No. DA-1221-02-0555-W-1 (M.S.P.B. Oct. 31, 2002) ("Initial Decision"). The AJ also stated that, assuming arguendo that Ms. Williams had established that her resignation was involuntary, she still had not alleged any facts suggesting that the decision to terminate her employment during her probationary period was based on partisan political reasons or her marital status, the only two grounds upon which a probationary employee may appeal a removal action based upon events occurring during the probationary period. See 5 C.F.R. § 1201.3(a)(8). Finally, the AJ rejected the WPA claims that Ms. Williams had asserted in her appeal. The AJ therefore dismissed the appeal for lack of jurisdiction.

The AJ's initial decision became the final decision of the Board on October 23, 2003 after the Board denied Ms. Williams' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

A resignation is presumed to be voluntary and is beyond the Board's jurisdiction. See Braun v. Dep't of Veterans Affairs, 50 F.3d 1005, 1007 (Fed. Cir. 1995). However, an involuntary resignation is tantamount to a removal, an adverse action vesting the Board with jurisdiction pursuant to 5 U.S.C. § 7512. See Staats v. United States Postal Serv., 99 F.3d 1120, 1123 (Fed. Cir. 1996). In order to overcome the presumption of voluntariness and demonstrate that a resignation was involuntary, an appellant must show either (1) that the resignation was the product of misinformation or deception by the agency, id. at 1124 (citing Covington v. Dep't of Health & Human Servs., 750 F.2d 937, 942 (Fed. Cir. 1984)), or (2) that the resignation was the product of coercion by the agency, id. (citing Dumas v. Merit Sys. Prot. Bd., 789 F.2d 892, 894 (Fed. Cir. 1986)). The test for involuntariness is an objective one; it is not measured by the appellant's subjective evaluation of his or her situation. Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Involuntariness may be established by a showing that an appellant's working conditions were made so intolerable that a reasonable person in the appellant's position would have felt compelled to resign. Id.

Before the Board, the basis for Ms. Williams' contention that her resignation was involuntary was her claim that her working conditions had been made intolerable by the conduct of her immediate supervisor towards her. The AJ rejected this claim, however, finding that Ms. Williams' complaints about the supervisor were not credible "in light of the contradictions evident in her own submissions." Initial Decision, at 7. The AJ further determined:

> The decision to terminate the appellant's employment during her probationary period had been made. She submitted her resignation only after she was faced with two unpleasant alternatives, either resign or be terminated. *See Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R.

81, 85 (1998) (that the appellant was faced with unpleasant choices does not establish that her resignation was involuntary). She acknowledged that she was advised by the union president, not a management official, that it would be in her best interests to resign. It was the appellant's choice to resign rather than accept the termination decision. Based on my review of the record, I find that her decision to resign was voluntary.

Id. at 8.

On appeal, Ms. Williams argues that she was entitled to a hearing because she made non-frivolous allegations of involuntariness. In addition, she notes that the AJ did not consider her appeal under the non-frivolous standard but, rather, decided the appeal based upon a credibility determination. This, she contends, was error. Ms. Williams is correct that if an appellant makes a non-frivolous allegation that a resignation was involuntary, he or she has the right to a hearing on the issue of involuntariness. Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1362 (Fed. Cir. 2002). Ms. Williams also is correct that the AJ did not articulate the non-frivolous standard. We see no reason, however, to disturb the decision of the Board on that ground. The AJ correctly considered Ms. Williams' appeal based upon the administrative record, see Spencer v. Dep't of Navy, 327 F.3d 1354, 1356 (Fed. Cir. 2003), and we read the AJ's decision as effectively concluding that Ms. Williams failed to make a non-frivolous allegation of involuntariness, a conclusion supported by the record.

Finally, assuming arguendo that Ms. Williams had made a non-frivolous allegation of involuntariness, the result of the appeal would have been no different. As the AJ pointed out, because Ms. Williams was separated during her probationary period, she could only invoke the jurisdiction of the Board if she alleged that she was terminated for partisan political purposes or by reason of discrimination based upon her marital status. See 5 C.F.R. § 1201.3(a)(8). Ms. Williams alleged neither.

III.

We now turn to Ms. Williams' WPA claims. Shortly before receipt of the notice of proposed removal, Ms. Williams filed a complaint with the Office of Special Counsel ("OSC"). Ms. Williams alleged that her supervisor took retaliatory personnel actions, in violation of the WPA, in response to a protected disclosure. Specifically, Ms. Williams alleged that she made two protected disclosures. First, Ms. Williams asserted that her supervisor, Ms. Esco, "had me investigated for falsifying tax documents." Second, Ms. Williams alleged, as a protected disclosure, the following:

> Sandralyne W. Esco information concerning the refusal of my medical release. A meeting took place with Joseph Stack Territory manager and all the managers concerning my employment status.

After OSC failed to take action, Ms. Williams filed an Individual Right of Action ("IRA") with the Board. It appears the IRA was considered by the AJ as part of Ms. Williams' appeal of her involuntary resignation. With respect to Ms. Williams' whistleblowing claim, the AJ stated:

> [A] review of the appellant's complaint to OSC reveals that she did not engage in protected whistleblowing activities.

Initial Decision, at 9.

On appeal, Ms. Williams challenges the Board's decision with respect to her whistleblowing claim. We read the AJ's decision as stating that Ms. Williams failed to make a non-frivolous allegation that she made a protected disclosure. The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes "non-frivolous" allegations that (1) he or she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to

take a personnel action as defined by 5 U.S.C. § 2302(a).  Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Whether allegations are non-frivolous is determined on the basis of the written record.  Spencer v. Dep't of the Navy, 327 F.3d 1354, 1356 (Fed. Cir. 2003).

We see no error in the Board's dismissal of Ms. Williams' whistleblowing claim, on the ground that Ms. Williams failed to make protected disclosures revealing "a violation of [] law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety," 5 U.S.C. § 2302(b)(8).

With respect to Ms. Williams' first alleged protected disclosure, Ms. Williams claimed that "Sandralyne W. Esco had me investigated for falsifying tax documents."  In her supporting affidavit to the Board, Ms. Williams explained:

> Affiant states that on September 28, 2001, the inspector [McFarland] informed appellant that Ms. Esco reported appellant for filing a false income tax return stating that appellant lied about appellant's marital status.

Thus, Ms. Williams' first alleged "disclosure" was that an investigator told her that an investigation had begun, and that this investigation was at the behest of Ms. Esco. Even if true, we do not see how the fact that Ms. Williams was informed of unfavorable information amounted to a protected disclosure by Ms. Williams under the WPA.[1]

---

[1] Ms. Williams' IRA form might be read as stating that Ms. William's disclosed information to Mr. McFarland, rather than vice versa.  However, the affidavit makes clear that Ms. Williams' WPA claim is based on what she claims Mr. McFarland told her.  It would not make sense for Ms. Williams to "disclose" to the tax investigator that she was being investigated for falsifying tax returns.

04-3114                                    7

Ms. Williams' second "protected disclosure" appears to be that Ms. Williams told Ms. Esco she was unhappy about Ms. Esco's decision regarding her medical leave. As noted above, the alleged disclosure was that a meeting took place among managers regarding Ms. Williams' employment status. None of this indicates that Ms. Williams made a protected disclosure under the WPA.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.