NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3096

DOMENIC L. AMATO,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: July 19, 2006

_____

Before NEWMAN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

Domenic L. Amato ("Mr. Amato") seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action pursuant to his Individual Right of Action ("IRA"). Amato v. Dep't of the Army, No. DC1221020755-W-5 (Merit Sys. Prot. Bd. Apr. 18, 2005) (Final Decision). Mr. Amato alleged that his employing agency, the Department of the Army, Southern European Task Force in Vincenza, Italy ("SETAF" or "Agency"), subjected him to adverse personnel actions in reprisal for disclosures protected under the Whistleblower Protection Act ("WPA"). The Board determined that the agency had established by

clear and convincing evidence that Mr. Amato would have been subject to the alleged adverse personnel actions absent his protected disclosures, such that Mr. Amato was not entitled to corrective action. Because substantial evidence supports the Board's determination, we affirm.

I

In order for the Board to have jurisdiction over a WPA claim, an individual must make nonfrivolous allegations that he has made a protected disclosure that was a contributing factor in an agency's decision to take a prohibited personnel action against him. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To prevail on the merits, the individual must prove these elements by a preponderance of the evidence. Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). However, if the agency can establish by clear and convincing evidence that it would have taken those actions regardless of the disclosures made, the employee is not entitled to relief. Carson v. Dep't of Energy, 398 F.3d 1369, 1380 (Fed. Cir. 2005).

After determining that Mr. Amato had made nonfrivolous allegations sufficient to establish the Board's jurisdiction, Final Decision, slip op. at 3, the Administrative Judge ("AJ") determined that his hearing should be bifurcated, with an initial hearing limited to the question of whether Mr. Amato would have been properly subjected to the alleged adverse personnel actions absent his protected disclosures. See Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1363 (Fed. Cir. 2003) (hearings on the merits may be bifurcated and an AJ has great discretion in determining which issues to consider first)

overruled in part by Garcia v. Dep't of Homeland Sec., 437 F.3d 1322 (Fed. Cir. 2006).[1]
The AJ determined that the agency had established by clear and convincing evidence that Mr. Amato would have been subject to each of the alleged adverse personnel actions absent his disclosures and thus denied Mr. Amato's request for corrective action. Mr. Amato appealed to the full Board, which declined to review the decision of the AJ, such that it became the final decision of the Board. Mr. Amato then appealed to this court.

II

We must affirm the final decision of the Board unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). To uphold a factual finding of the Board, we must determine "whether it has a rational basis supported by substantial evidence from the record taken as a whole." Id. (citation omitted). In addition, credibility determinations are within the discretion of the AJ and are "virtually unreviewable." King v. Dep't of Health and Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998).

III

Mr. Amato was initially employed by the agency on January 14, 2000, as a GS-12 Civil Military Operations Specialist in its G5 division. On April 1, 2001, Mr. Amato

---

[1] In Garcia, this court addressed the jurisdictional requirements of a constructive adverse action claim before the Board. In particular, we held that for the Board to have jurisdiction over a constructive adverse action claim, the petitioner must establish by a preponderance of the evidence that the action was involuntary. Garcia, 437 F.3d at 1325. However, we expressly declined to address the nonfrivolous allegation standard in the context of WPA cases. See id. ("Neither . . . the WPA, nor the Board's jurisdiction under the WPA are before us today.")

was detailed to the G3 division to a GS-12 Computer Specialist position. In December 2001, that detail was terminated and Mr. Amato was formally assigned to the same position. Mr. Amato left SETAF on May 5, 2002, for a GS-11 Information Technology Specialist position at the 52nd Signal Battalion in Vaihingen, Germany, and resigned from that position on February 22, 2003.

Mr. Amato alleges that during his employment with SETAF, the agency engaged in seven adverse personnel actions in retaliation for his protected disclosures. However, after receiving oral testimony and written statements from Mr. Amato, five of Mr. Amato's superior officers, as well as a human relations specialist at SETAF in Italy, the AJ determined that each of the alleged retaliatory actions would have taken place absent his disclosures. With regard to each alleged action, the AJ found that the agency's witnesses had explained why the action would have occurred absent the disclosures. Further, the AJ noted that Mr. Amato had no documentary evidence to support his claims, which rested primarily on his assertion that the agency's witnesses lied during their testimony. Final Decision, slip op. at 40. However, the AJ credited the agency's witnesses, noting that their testimony was consistent, both internally and with one another, showed no bias, and was not contradicted by the written record. In contrast, the AJ found that Mr. Amato's claims were unsupported by the written record, directly rebutted by the record and the testimony of the agency's witnesses, and in some instances, "inherently improbable." Id.

On appeal, Mr. Amato repeats the same arguments made before the AJ, namely that the agency's witnesses lied and produced false documents to support their testimony. Mr. Amato further alleges collusion between the witnesses. However, as

noted above, the AJ's credibility determinations are virtually unreviewable. Further, Mr. Amato does not produce any documentary evidence supporting his allegations.

Mr. Amato also appears to argue that the AJ incorrectly applied the law, arguing that the AJ failed to consider that his disclosures were protected. However, the AJ assumed, for the purposes of the initial hearing, that Mr. Amato had made protected disclosures that were a contributing factor in the agency's actions. Nevertheless, the AJ determined that the agency had established by clear and convincing evidence that the allegedly retaliatory actions would have taken place absent these disclosures.

Finally, Mr. Amato alleges that the AJ failed to consider the evidence that he presented and that the AJ conducted the proceedings in a biased and unfair manner. However, we presume that a fact finder has reviewed all of the relevant evidence unless he explicitly expresses otherwise. See, e.g., Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906 (Fed. Cir. 1986). Further, Mr. Amato has not presented any evidence to support his contentions. To the contrary, the AJ conducted a lengthy hearing and wrote a thorough, well-reasoned opinion in which he analyzed the oral testimony and written statements of each witness, as well as the documentary evidence of record, and determined that the agency had established by clear and convincing evidence that it would have taken the alleged adverse personnel actions absent Mr. Amato's protected disclosures. In short, substantial evidence supports the AJ's determination. As such, we affirm.