NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3285

CAROL L. IDE,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED: May 13, 2005

_____

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) decided that it had no jurisdiction to hear Carol Ide's appeal of a personnel action, because she was not preference-eligible and had therefore not worked in her position long enough to acquire eligibility to appeal any such action to the Board. See Ide v. Soc. Sec. Admin., AT-0752-03-0379-I-1, (M.S.P.B. Mar. 17, 2004). Because Ms. Ide has made a non-frivolous allegation, this court reverses and remands.

I.

Carol Ide began working for the Social Security Administration as a Co-Op Student Trainee, an excepted service position, on July 15, 2001 Fourteen months later she resigned that position. In January 2003, Ms. Ide appealed to the Board, asserting

that her resignation had been coerced. Ms. Ide used the Board's standard form for appeals, Optional Form 283. On that form Ms. Ide checked "yes" in answer to the question "Are you a veteran and/or entitled to the employment rights of a veteran?" Those employment rights include eligibility for certain preferences. For example, a preference eligible person becomes an "employee" entitled to Board review after one year of employment; otherwise, two years are required. 5 U.S.C. § 7511(a)(1)(B)(i)(2000). An administrative judge in an initial decision found that the Board had no jurisdiction to hear Ms. Ide's appeal because she "is not preference eligible, [and] had less than two years of current continuous service at the time of her resignation." Ide v. Soc. Sec. Admin., AT-0752-03-0379-I-1 (M.S.P.B. Mar. 27, 2003).

Ms. Ide petitioned for review of the administrative judge's decision, asserting that she was preference eligible and that she had twice submitted her DD214 Report of Separation and SF15 preference eligibility forms to the Savannah, Georgia office of the Social Security Administration. Nevertheless, without addressing the question of preference eligibility, the Board made its initial decision final on March 17, 2004.

II.

Ms. Ide appeals the Board's final decision that she is not eligible for Board review of her personnel appeal. This court reviews without deference questions of Board jurisdiction over a particular appeal. King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996). The petitioner establishes Board jurisdiction by making a non-frivolous allegation of jurisdiction. Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 687-88 (Fed. Cir. 1992); Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1361 (Fed. Cir. 2002); Walley v. Dep't of Veterans Affairs, 279 F.3d 1010, 1018-19 (Fed. Cir. 2002).

The record shows that Ms. Ide did assert, on both her original appeal and in her petition for review, that she is preference-eligible. The SF-50 (Notification of Personnel Action) forms for both her appointment and her resignation appear to indicate that she has veterans' status. Directly contradicting this testimony, the Government argues that Ms. Ide did not assert a veterans preference at all during the initial Board proceedings, and has provided no evidence of eligibility. The record of this case and the findings of the administrative judge are insufficient for us to determine whether the petitioner or the Government is correct. Nevertheless, petitioner's allegations are not frivolous, and are thus sufficient to establish jurisdiction. Accordingly, this court remands for further proceedings on the merits.

On remand the petitioner should be permitted an opportunity to produce the DD214, SF15, and military discharge documents to show her status. The Board should adjudicate the merits of Ms. Ide's case, including her preference eligibility. The burden on Ms. Ide is to establish her claim by a preponderance of the evidence. Dick, 290 F.3d at 1364.