NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3302

CAROL L. IDE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

SOCIAL SECURITY ADMINISTRATION,

Intervenor.

Randall A. Schmidt, of Savannah, Georgia, for petitioner.

Raymond W. Angelo, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Brain S. Smith, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Peter D. Keisler, Acting Attorney General, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3302

CAROL L. IDE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

SOCIAL SECURITY ADMINISTRATION,

Intervenor.

_____

DECIDED:  October 10, 2007

_____

Before RADER, <u>Circuit Judge,</u> CLEVENGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

RADER, <u>Circuit Judge</u>.

Carol Ide appeals the final decision of the Merit Systems Protection Board ("MSPB" or "Board") denying her petition for review of the dismissal of her appeal of an allegedly involuntary resignation.  <u>Ide v. Soc. Sec. Admin.</u>, No. AT-0752-03-0379-M-1

(M.S.P.B. Mar. 29, 2006).  This court <u>affirms</u>.

I

Ms. Ide, a disabled veteran, began work on July 15, 2001 as a student trainee in Savannah, Georgia for the Social Security Administration ("SSA" or "Agency").  Nearing completion of her degree, Ms. Ide was slated to end her trainee position in Savannah and begin a permanent position with the Agency in September 2002 in Statesboro, Georgia.  Ms. Ide's graduation from college was a prerequisite to starting in this permanent position.  In early August 2002, she learned that she had failed a Regents examination and could not graduate before she was scheduled to begin her permanent position with the Agency.  Ms. Ide did not immediately inform her supervisors of her situation, but waited until the third time she was questioned by Russell Waller (SSA District Manager, Savannah) about her status after Ms. Ide knew that she had failed the Regents exam.  In September, Ms. Ide was informed that her employment would be terminated, as she had not graduated from college as anticipated and there were no funds allocated to continue her employment as a student trainee.  She asked if she had any options, and was informed by Mr. Waller that she could resign.  On September 6, 2002, Ms. Ide signed a resignation letter, which stated that she was resigning for "personal reasons."

In January 2003, Ms. Ide filed an appeal asserting that her resignation was not voluntary.  An MSPB administrative judge dismissed her appeal, finding that she did not meet the statutory definition of "employee" entitled to file an appeal with the Board under 5 U.S.C. § 7511(a)(1) (2000).  After the MSPB denied her petition for review, Ms. Ide appealed to this court, which reversed the Board's decision, stating that the record

was insufficient to determine whether she was preference eligible and that she had made nonfrivolous arguments on that issue. Ide v. Soc. Sec. Admin., 131 Fed. Appx. 728 (Fed. Cir. 2005) (unpublished). On remand, the administrative judge assumed that Ms. Ide met the statutory definition of "employee," but nonetheless concluded that the Board lacked jurisdiction because she voluntarily resigned from her position. After unsuccessfully petitioning the MSPB for review, Ms. Ide now appeals to this court.

II

Whether the MSPB had jurisdiction to adjudicate a case is a question of law, which this court reviews de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). This court's review of the Board's factual determinations supporting its assessment of jurisdiction is limited, and the Board must be affirmed unless its determination is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

An appellant must prove by a preponderance of the evidence that his or her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). Resignation from the federal service is presumed to be a voluntary act, outside the Board's jurisdiction. Braun v. Dep't of Veterans Affairs, 50 F.3d 1005, 1007 (Fed. Cir. 1995). To rebut the presumption, the appellant must show: "(1) that the resignation or retirement was the product of misinformation or deception by the agency; or (2) that the resignation or retirement was the product of coercion by the agency." Terban v. Dep't of Energy, 216 F.3d 1021, 1024 (Fed. Cir. 2000). Importantly, "where an employee is faced merely

with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act." Schultz v U.S. Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987). But, if an employee can prove that the agency knew that its reason for threatened removal could not be substantiated, then the threatened action was coercive. Id.

To rebut the presumption that her resignation was voluntary, Ms. Ide argues that the Agency's reason for removal cannot be substantiated for two reasons: 1) she was not required by regulation or by her contract to graduate by a particular date, but only to graduate within a reasonable time; and 2) there was no immediate need to terminate her position, as she was without fault for failing her examination and the student position was funded throughout the fiscal year.

The Board found that Ms. Ide had told the agency repeatedly that she would graduate in August 2002. In making this determination, the Board weighed Ms. Ide's testimony against the testimony of Mr. Waller and Tommy Morris (SSA Georgia Area Director), documentary evidence including two emails between Mr. Waller and Mr. Morris from March 2002 and July 2002 indicating that they understood Ms. Ide intended to graduate in August and begin her permanent position in September, Ms. Ide's own testimony that she had purchased a car in July 2002 in anticipation of commuting to her new job in Statesboro, and Ms. Ide's own acknowledgement that she was ineligible to start her permanent position prior to graduation. Mr. Morris also testified before the administrative judge that he decided that extending Ms. Ide's student position was unwarranted given her unforthcoming approach to disclosing her failure to graduate as well as the staffing commitments already made for the next fiscal year.

After conducting a hearing, the administrative judge concluded that the agency's version of the events "simply ma[de] sense," while Ms. Ide's assertions were "inherently improbable." Ide v. Soc. Sec. Admin., No. AT-0752-03-0379-M-1 (M.S.P.B. Nov. 16, 2005). This court is ill-positioned to second-guess the administrative judge's credibility determinations on which his overall findings rest. Indeed, an administrative judge's credibility determinations are "virtually unreviewable." Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (quoting King v. Dep't of Health & Human Services, 133 F.3d 1450, 1453 (Fed. Cir. 1998)). Although the administrative judge did not specifically address the requirement in 5 C.F.R. § 213.3202(b) cited by Ms. Ide that graduation must be "accomplished in a reasonable and appropriate timeframe," that provision only applies to Ms. Ide's temporary position and does not authorize appointment to a permanent position before completion of graduation. Nor do the regulations guarantee permanent positions to students who successfully complete program requirements: "[s]tudents, who are U.S. citizens, may be noncompetitively converted from the Student Career Experience Program to a term, career or career-conditional appointment." 5 C.F.R. § 213.3202(b)(11) (2001) (emphasis added). The administrative judge's conclusion that Ms. Ide's permanent employment with the Agency was contingent upon her August 2002 graduation was thus based on substantial evidence and was not clearly erroneous.

Ms. Ide's assertion that she should have been retained at least through the end of the fiscal year in her student position is intertwined with her argument that she was subjected to time pressure to resign, an indication of involuntariness. Time pressure may provide a basis for involuntariness, but only where the agency demands that the

employee make an "immediate decision." Middleton v. Dep't of Def., 185 F.3d 1374, 1381 (Fed. Cir. 1999) (quoting Staats v. U.S. Postal Serv., 99 F.3d 1120, 1126 (Fed. Cir. 1996).  Ms. Ide was informed that she would be terminated and signed the resignation on the same date.  But, Ms. Ide has not pointed to anything in the hearing record that indicates that she was to be terminated that very day.  The Board did not abuse its discretion in concluding that Ms. Ide's resignation was not coerced.

Substantial evidence therefore supports the MSPB's conclusion that the SSA had a supportable reason for removing Ms. Ide, namely that her continued employment required her to graduate from college.  Although Ms. Ide may have been faced with the "unpleasant alternatives" of resigning or being terminated, this does not make her choice involuntary.  In resigning, Ms. Ide preserved her good standing to reapply for a future job with the Agency, but sacrificed the procedural protections that are afforded to a terminated employee.  She cannot now seek relief from the MSPB or this court for this voluntary choice.

Because the MSPB's conclusion that Ms. Ide's resignation was voluntary is supported by substantial evidence, the Board properly determined it lacked jurisdiction over her appeal, and its decision is therefore affirmed.