NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE BROTHERS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF THE ARMY,**
*Intervenor.*

---

2012-3180

---

Appeal from the Merit Systems Protection Board in No. SF3151110724-I-1.

---

Decided: January 15, 2013

---

LAWRENCE BROTHERS, of Petersburg, Virginia, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

SHELLEY D. WEGER, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director, Of counsel was MICHAEL JAMES CARLSON, U.S. Army Litigation Division, of Fort Belvoir, Virginia.

―――――――――――

Before NEWMAN, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

Lawrence Brothers appeals from the decision of the Merit System Protection Board (the "Board") dismissing his appeal for lack of jurisdiction.[1] *Brothers v. Dep't of the Army*, No. SF-3151-11-0724-I-1 (M.S.P.B. Jun. 21, 2012) ("Final Decision"). We *affirm*.

## BACKGROUND

On June 6, 2010, Mr. Brothers was promoted from a Heavy Mobile Equipment Mechanic (WG-5803-10) at Fort Lee, Virginia, to an Automotive Mechanic Supervisor (WS-5823-10) at Camp Red Cloud, Korea, subject to the successful completion of a one-year probationary period ending June 6, 2011. Prior to his promotion Mr. Brothers

―――――――――――

[1] An administrative judge ("AJ") dismissed Mr. Brothers's appeal for lack of jurisdiction. *Brothers v. Dep't of the Army,* No. SF-3151-11-0724-I-1 (M.S.P.B. Nov. 7, 2011) ("Initial Decision"). The full Board denied his petition for review and adopted the initial decision of the AJ as the Board's final decision. Both decisions will be referred to as the decision of the Board.

had signed a return rights agreement, dated May 10, 2010, which stated:

> I understand that in exercising my return rights, I shall be placed in the position which I held immediately before my assignment overseas, if such position exists. If such position does not exist, I shall be placed in a position of equal grade and in the same geographic area in accordance with the procedures specified in 10 U.S.C. §1586, section c.

Respondent's App'x. 49. On May 24, 2011, the Army issued a memorandum granting approval "to immediately curtail" Mr. Brothers's overseas tour for not successfully completing his probationary period. Respondent's App'x. 2. Mr. Brothers exercised his return rights, requesting a report date of July 31, 2011. He continued in his supervisory position at Camp Red Cloud until July 31, 2011, when he returned to his non-supervisory position at Fort Lee, Virginia.

On July 17, 2011, Mr. Brothers filed an appeal with the Board arguing that he had completed his probationary period as a supervisor and was demoted to a non-supervisory position without due process. Initially, the Board advised Mr. Brothers that it may not have jurisdiction over an appeal by an employee who did not satisfactorily complete his probationary period. In response, Mr. Brothers claimed that, based on his earning statements and forms, he remained in his supervisory position for more than one year and he was demoted without due process. The Army responded that the Board lacked jurisdiction over Mr. Brothers's appeal because his demotion was voluntary and thus did not constitute an adverse action subject to the Board's review. The Army argued that Mr. Brothers voluntarily exercised his return rights, agreeing to resume the position he held before his overseas assignment. *See* 5 C.F.R. § 1201.3. The AJ issued an

order to show cause to establish that his demotion was within the Board's jurisdiction, but Mr. Brothers did not file a response. The AJ dismissed the appeal for lack of jurisdiction, finding that Mr. Brothers "failed to present any evidence that his exercise of his return rights was not . . . voluntary." Initial Decision at 5.

Mr. Brothers petitioned to the full Board for review, arguing for the first time that he did not voluntarily exercise his return rights, but did so only to avoid being separated. The Board denied the petition for review because there was no new, previously unavailable evidence, and the AJ made no error affecting the outcome of the case. In particular, the Board found that it did not need to address Mr. Brothers's voluntariness argument because it had not been raised before the AJ. However, the Board addressed the argument, stating that choosing between two unpleasant alternatives does not render an action involuntary. Thus, the Board concluded that Mr. Brothers's appeal was properly dismissed for lack of jurisdiction. Mr. Brothers filed a timely petition for review to this court. We have jurisdiction pursuant to 28 U.S.C. §1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006). This court reviews the Board's determinations of jurisdiction *de novo* while underlying findings of fact are reviewed for substantial evidence. *Parrott v. Merit Sys. Protection Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Under the substantial evidence standard, this court reverses the Board's decision only "if it is not supported by such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (internal quotation omitted).

Mr. Brothers bears the burden of proving by a preponderance of the evidence that the Board possesses jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). The Board possesses jurisdiction over appeals of an involuntary reduction in grade or pay but not over voluntary actions. See 5 U.S.C. § 7512; *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328-29 (Fed. Cir. 2006) (en banc). This court has recognized that in some circumstances seemingly voluntary actions may be considered adverse actions. Id. at 1328. The Board "possesses jurisdiction over an appeal filed by an employee . . . if the employee proves, by a preponderance of the evidence, that [his or her action] was involuntary and thus tantamount to [a forced enumerated adverse action]." Id. at 1329 (quoting *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001)) (alterations in original). The Board determined that Mr. Brothers was not subject to an adverse employment action, but rather was voluntarily demoted. The Board determined that Mr. Brothers failed to provide any evidence or make a non-frivolous allegation that his exercise of his return rights was involuntary. See *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1332 (Fed. Cir. 2006) (petitioners must make non-frivolous allegations to establish that the Board's exercise of jurisdiction is proper).

On appeal, Mr. Brothers contends that the Board failed to consider that he was demoted after completion of his probationary period without due process as set forth in either 5 U.S.C. § 7513 or 5 U.S.C. § 4303. These statutes provide procedures that an agency must follow when imposing an adverse action on an employee. The due process procedures of 5 U.S.C. § 7513 and 5 U.S.C. § 4303,

however, do not apply to voluntary personnel actions. *Garcia*, 437 F.3d at 1328-29. Therefore, the operative question is not whether Mr. Brothers had completed his probationary period and therefore was an employee with adverse action rights, but rather, whether he voluntarily requested to exercise his return rights. The Board reasoned that "although an action initiated by an employee in response to a threatened involuntary personnel action is considered involuntary if the employee shows that the agency knew or believed that the threatened action could not be substantiated, the appellant has made no such showing here." Final Decision at 2. Moreover, the Board determined that Mr. Brothers had failed to show that the action was taken under duress or in reliance upon misinformation. *Id.* at 3.

In his supplemental brief, Mr. Brothers contends that because he was presented with a memorandum curtailing his overseas tour, he was forced to either exercise his return rights, "register for Priority Placement[,] or risk being separated." Supplemental Br. at 7. However, even if Mr. Brothers was required to elect between demotion and removal, that choice does not render his decision involuntary. *Cf. Terban v. Dep't of Energy*, 216 F.3d 1021, 1026 (Fed. Cir. 2000) ("[A] choice is not involuntary simply because an employee is faced with an inherently unpleasant situation or his choice is limited to two unpleasant alternatives."); *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) ("[W]here an employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act.") As a result, substantial evidence supports the Board's determination that Mr. Brothers voluntarily exercised his return rights. *See Garcia*, 437 F.3d at 1332. Accordingly, Mr. Brothers's demotion was not an adverse action appealable to the Board. 5 C.F.R. § 1201.3.

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board that it lacked jurisdiction over Mr. Brothers's appeal.

## **AFFIRMED**

No costs.