**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DOROTHY J. DIEDE, | DOCKET NUMBER |
| Appellant, | SF-0752-14-0201-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: October 22, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Nadine Scott, Esquire, Seattle, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appellant's alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      By notice dated May 20, 2013, the Chief of Behavioral Health Services proposed to remove the appellant, a GS-11 Social Worker, based on improper disclosure of protected health information, interfering with a veteran's right to compete for federal employment, and lack of candor.  Initial Appeal File (IAF), Tab 5 at 15-17.  The notice afforded the appellant 14 calendar days in which to reply, provided that a written reply should be directed to the Medical Center Director, and stated that her secretary should be contacted in order to make arrangements to make an oral reply.  *Id.* at 16.  By letter dated May 31, 2013, to the Medical Center Director, the appellant's representative requested to reply to the agency's proposal notice "<u>orally</u> (in-person) and/or in writing, if necessary," and she also requested any and all material relied on to support the notice.[2]  *Id.*, Tab 1 at 10.  The appellant's representative asked the Medical Center Director to "contact [his] scheduling office staff" in order to make arrangements for the presentation of the appellant's reply.  *Id.* at 11.  Effective June 28, 2013, the appellant retired.  *Id.* at 14.  On July 2, 2013, she filed an equal employment

---

[2] The proposal notice stated that the evidence on which the notice of proposed action was based was attached, and it referred to various tabs.  IAF, Tab 5 at 15-16.

opportunity complaint which included a claim that her retirement was involuntary. *Id.* at 15.

¶3 When the agency had not issued a final decision within 120 days, the appellant filed a Board appeal in which she alleged that, by not responding to her request to reply to the proposal notice, the agency denied her due process and caused her to suffer duress, forcing her to retire. *Id.* at 2. She requested a hearing. *Id.* at 1. In response to the administrative judge's acknowledgment order addressing the issue of voluntariness as a bar to Board jurisdiction, IAF, Tab 2, the appellant additionally claimed that she was subjected to intolerable working conditions because she was not selected for a position for which she had applied and because the agency had reported her to the state licensing authority. She also claimed that the action the agency proposed could not have been substantiated. *Id.*, Tabs 4, 16. The agency urged that the appeal be dismissed for lack of jurisdiction. *Id.*, Tab 5. Both parties made additional submissions as directed by the administrative judge. *Id.*, Tabs 11, 15-17.

¶4 In an initial decision based on the written record, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction. *Id.*, Tab 25, Initial Decision (ID) at 2, 14. Considering the totality of the evidence, the administrative judge found that the appellant had failed to nonfrivolously allege that the agency created intolerable working conditions, threatened her with an adverse action that the agency knew it could not sustain, or otherwise deprived her of free choice, and that she had therefore failed to nonfrivolously allege that her retirement was involuntary. ID at 8-12. The administrative judge also considered, but rejected, the appellant's claim that she was denied due process with regard to her right to reply to the proposal notice. ID at 12-13.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded, *id.*, Tab 3, and the appellant has submitted a reply to that response, *id.*, Tab 4.

¶6     In the appellant's petition, she reiterates verbatim the arguments she raised below.  PFR File, Tab 1; IAF, Tab 17.  In that regard, her petition lacks sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge to the initial decision, justifying a complete review of the record.  *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

¶7     Nonetheless, we find well-supported the administrative judge's findings that the appellant failed to nonfrivolously allege that her retirement was involuntary.  We first note that, citing, inter alia, *Dick v. Department of Veterans Affairs*, 290 F.3d 1356, 1362 (Fed. Cir. 2002), the appellant objected, and still objects, to the administrative judge's having directed her to submit evidence in support of her claims, arguing that she was only required to make nonfrivolous allegations in order to establish the Board's jurisdiction.  IAF, Tabs 12, 17.  However, facts without support do not establish that a claim is nonfrivolous.  *See Riojas v. U.S. Postal Service*, 88 M.S.P.R. 230, ¶ 3 (2001) (citing *Briscoe v, Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995)).  Moreover, the court overruled the three-judge panel decision in *Dick* in the en banc decision of *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1343 (Fed. Cir. 2006).  There the court held that, in a case such as this, an appellant who makes a nonfrivolous claim of Board jurisdiction has a right to a hearing at which she must prove jurisdiction by preponderant evidence, and, if she fails to do so, the Board does not have jurisdiction and the case is dismissed on that basis.  In the instant case, the administrative judge found, and we agree, that, based on the written record, the appellant failed to make a nonfrivolous allegation of Board jurisdiction and that therefore the case must be dismissed for lack of jurisdiction.  For that reason, the appellant's proffer as to the proposed testimony of certain witnesses is unavailing.

¶8     In addressing the appellant's claims of involuntariness, the administrative judge considered the appellant's claim that she was subjected to intolerable working conditions but found that not being selected for a single position in 2011

was not so intolerable a situation so as to compel a reasonable person to retire in 2013. ID at 6, 8; *see Markon v. Department of State*, [71 M.S.P.R. 574](), 577-78 (1996). The administrative judge also considered the appellant's claim that, in an April 15, 2013 memorandum, IAF, Tab 15 at 32, an agency official threatened to report, and did report, her alleged workplace transgressions to the state licensing board, causing her significant stress that led to her decision to retire. The administrative judge noted the agency official's explanation that, because a veteran had lodged a complaint against the appellant to the state department of health, the agency official was required to review the appellant's standards of practice to determine if a report should be made to the licensing board and that this was so even if she had retired. ID at 8-9. The administrative judge found that, although a recommendation was ultimately made to report the appellant to the state licensing board, IAF, Tab 15 at 19-20, the recommendation was made months after she had retired.[3]

¶9      The administrative judge also considered the appellant's claim that her hostile work environment claim was supported by the agency's denial of her right to reply to the proposal and the fact that the notice itself misinformed her of that right. The administrative judge found that the appellant did not raise nonfrivolous allegations in this regard because, although the proposal notice gave explicit instructions as to how to make an oral reply, the appellant chose to ignore them and because there was no false information in the notice as to the right to reply that could have misled her. ID at 10-11.

¶10     In considering the appellant's claim that her retirement was rendered involuntary because the agency knew it could not support the proposed removal, the administrative judge found that the proposal notice was supported by numerous signed reports of contacts and memoranda from employees consistently describing the appellant's remarks about the veteran in question, her own

---

[3] After investigation, the state department of health closed the case without disciplinary action "because the risk is minimal and not likely to reoccur." IAF, Tab 17 at 9.

interview, and a memorandum describing the appellant's interactions with the agency official to whom she complained about the veteran and attempted to influence to commit a prohibited personnel practice. ID at 11-12; IAF, Tab 5 at 18-29. The administrative judge concluded that the appellant's mere denial of the charges did not constitute a nonfrivolous allegation that the agency knew its charges could not be substantiated. ID at 12.

¶11    Finally, the administrative judge considered the appellant's claim that the agency's denial of her right to reply amounted to a denial of due process, finding that, because the appellant was not removed from her position, but instead retired, no such claim could lie. ID at 12-13. As set forth above, the appellant has not shown that the administrative judge erred in finding that she did not nonfrivolously allege that her retirement was involuntary. And, because the due process procedures of 5 U.S.C. § 7513 do not apply to voluntary personnel actions, *see Brothers v. Merit Systems Protection Board*, 502 F. App'x 939, 940 (Fed. Cir. 2013),[4] the appellant has not shown that the administrative judge erred in not considering her claim that she was denied due process.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[5]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[4] The Board may rely on unpublished decisions of the Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

[5] The administrative judge afforded the appellant mixed-case review rights. ID at 18-19. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided here the appellant the proper review rights. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.